

By **October 14, 2022**, Defendants shall file a responsive letter, not to exceed three pages.

So Ordered.

Dated: October 11, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

    Re:    Case No. 22-cv-8111 (LGS), <u>Sport-BLX v. Salerno, et al.</u>

Dear Judge Schofield:

    As the Court likely recalls from the related docket (22-cv-01243), my firm, with co-counsel, represents Plaintiff in this recently removed case. I write asking the Court to issue an order — like the one it already issued (Dkt. No. 4) — addressing Defendants' failure to allege or prove up complete diversity. Specifically, Plaintiff asks that Defendants be ordered to "provide the identity of all known upstream members of" Cypress. *Sprout Mtge., LLC v Consol. Analytics*, 2021 US Dist LEXIS 156152, at *4 (EDNY Aug. 17, 2021). That is because "[i]n pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *CT Espresso LLC v Lavazza Premium Coffees Corp.*, 2022 US Dist LEXIS 109785, at *3 (SDNY June 21, 2022). And there is no question Defendants have not done that.

    Defendants oppose this request[1] and the parties are at an impasse. Though Defendants are willing to provide *some* information, they refuse to provide the identities of the members of Cypress. *But see Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (no diversity where pleading "contains no allegation as to the identity" of the members of an entity). But that information is required for very good reasons: the kind of "lack of knowledge of the membership of a limited liability company or limited partnership" Defendants insist on "has at times caused an enormous waste of judicial and party resources when a party purports to invoke diversity jurisdiction and it turns out later that there wasn't any." *Kenshoo, Inc. v Aragon Adv., LLC*, 2022 US Dist LEXIS 39690, at *1 (EDNY Mar. 5, 2022). The Court should, following clear precedent, require Defendants to provide all relevant information about every member of Cypress.

### DISCUSSION

    Plaintiff seeks to confirm — all the way upstream — whether there is diversity jurisdiction. The Court has both the authority and an independent obligation to assure jurisdiction, whether

---

[1] Initially, Defendants stated: "Please be advised that we have no intention of providing your client with a list of the members of Cypress and/or their addresses. There is no need or valid reason for your clients to have such information." After an initial meeting Defendants agreed to reconsider their position and provide a final position as to what they would disclose. Plaintiff also asked them what "basis/privilege" they were invoking in order to resist this basic jurisdictional discovery. At a second meet and confer today, Defendants confirmed that there was no privilege at issue, and their objection was merely "we don't think we have an obligation to do anything else."

through orders like the one it already issued (e.g., Dkt. No. 4), or through "informal jurisdictional discovery" of the kind the Second Circuit has described with approval. *Platinum-Montaur Life Sciences, LLC v Navidea Biopharmaceuticals, Inc.*, 943 F3d 613, 615 (2d Cir 2019). What Defendants have offered instead is only what counsel can report their clients have said, without any way to verify — and with that counsel apparently not having independently evaluated the information.

At the outset, Plaintiff notes it obviously makes sense to litigate this case alongside the companion case in *Cypress v. Sport-BLX*, 22-cv-01243 (LGS). Indeed, if there were a basis to file that case in Federal Court, Plaintiff itself likely would have done so. But that only works if there is jurisdiction. And Defendants are asserting that though Cypress itself — a Delaware partnership — exists pursuant to the laws of Delaware, none of its (undisclosed) members reside or have primary places of business in either Delaware or New York (which would defeat diversity). That leaves, at the least, a real question of jurisdiction.

By way of background, Defendants' initial notice of removal "failed to allege the citizenship of any party at both the time of removal and the time the original action was filed in state court." Dkt. No. 4. And beyond that, the notice — even as amended — fails to adequately allege the citizenship of Cypress. Because Cypress is a Delaware limited partnership, it has not only the citizenship of each and every one of its members, but the citizenship of any members of those members, and then the members of those members of those members, and so on. *Carden v Arkoma Assoc.*, 494 US 185, 195 (1990). Yet the Amended Notice only alleges, in broad strokes:

> At the time the State Court Action was filed … and from the time that Defendants filed the Notice to remove this action … to present, all of Cypress' general and/or limited partners were and are citizens of the State of New Jersey and none were or are citizens of either the State of Delaware or the State of New York.

Dkt. No. 6 ¶ 13. That is, it offers no specific facts about the citizenship — or even identity — of the members of Cypress. Both the "and/or" and the failure to itemize citizenship are problematic, both because they allege bare legal conclusions and because they suggest uncertainty. That is, the notice leaves open the possibility that Defendants have not adequately checked the types of entities that make up Cypress, and therefore have failed to follow each member's members all the way upstream (or some similar issue).

For complex entities like Cypress, "the identity and citizenship of each member has to be specifically alleged." *CT Espresso LLC*, 2022 US Dist LEXIS 109785, at *3. *See also, Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (no diversity where the relevant pleading "it contains no allegation as to the identity or citizenship" of the members of a complex entity); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litigation*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the Financial Advisors' members . . . they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship."); *United States Liab. Ins. Co. v M Remodeling Corp.*, 444 F Supp 3d 408, 410 (EDNY 2020) (collecting cases). So, given Defendants' failure to plead the required specifics, this issue is resolved by the fact that the Second Circuit has made clear that a District Court "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Navidea*, 943 F3d at 618. Indeed, the Circuit has previously found

COHEN&GREEN    Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com

remand for discovery and factfinding necessary because the notice "did not list the [partnership]'s members or their citizenship." *Id.* at 618 (*describing United Food & Commercial Workers Union, Local 919 v Centermark Props. Meriden Sq.*, 30 F3d 298, 302 (2d Cir 1994)). In situations like this, there are only "two options": summary remand or orders digging into the basis for diversity. *Id.* at 617-18. But the Court cannot "proceed[] to the merits of this case" where, as here, a notice leaves open a major question on diversity jurisdiction. *Id.* And that is even true if the Court lacks "a good faith basis to believe that there is not complete diversity." *Id.* at 616.

Recent cases, following this clear guidance, have all either (1) granted motions for relevant discovery or (2) otherwise dealt with the issue *sua sponte* (whether by taking the step this Court did and asking for more information or simply issuing a summary remand). *CBWB BKLN LLC v Garrison Architects LLP*, 2022 US Dist LEXIS 104248, at *4 (EDNY June 10, 2022) (ordering a joint letter publicly filed containing the state of each partner of the relevant entity); *Franko v Lewnowski*, 2021 US Dist LEXIS 159866, at *2 (SDNY Aug. 24, 2021) (finding diversity satisfied after the filing of a public letter listing the names of partners and their citizenship, but not before); *STR Sys. NY, LLC v GES Megafour, LLC*, 2021 US Dist LEXIS 17547, at *2 (SDNY Jan. 29, 2021) (summary remand on similar); *Empery Asset Master Ltd. v Healthlynked Corp.*, 2020 US Dist LEXIS 168259, at *2 (SDNY Sep. 14, 2020) (same).

On the other side of the coin, Defendants admitted there is no privilege undergirding their objection.[2] They have asserted no burden either. Rather, just as in the underlying events, Defendants are "plac[ing their] idiosyncratic, personal desire not to reveal routine information above the interests" of the Court and other parties — as well as their plain obligations under the rules.[3] *See, e.g.,* Fed. R. Civ. P. 26(b)(1). Defendants' claim they see "no obligation" (the phrased they used) to disclose this information cannot be squared with the command of Rule 26(b)(1) that "any nonprivileged matter that is relevant to any party's claim or defense" is subject to discovery.

To sum up, the Court should order Defendants to "provide the identity of all known upstream members of" Cypress. *Sprout Mtge., LLC*, 2021 US Dist LEXIS 156152, at *4. Again, "[i]n pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *CT Espresso*, 2022 US Dist LEXIS 109785, at *3. Nor is there any question Defendants have failed to do so. So, as dictated by the Circuit in *Navidea*, the Court should either (1) order that discovery produced immediately (or in a letter on the docket) or (2) in the alternative, issue a summary remand. 943 F3d at 618.

---

[2] Defendants' counsel did offer to ask their clients whether they would approve an attorneys' eyes only disclosure. But that approach (1) does not meet the very high standard for such designations (*HSqd, LLC v Morinville*, 2013 US Dist LEXIS 37356, at *6 (D Conn Mar. 18, 2013) (rejecting attorneys' eyes order because it was not clear disclosure would "work a clearly defined and very serious injury")); and (2) this is the sort of information where a client's specialized knowledge is necessary — or at a bare minimum, very helpful — to fully parse the information.

[3] Beyond that, Defendants position just does not make sense because the information they seek to protect — the identities of individual members of Cypress — is directly at issue in both cases, and also is necessary for joinder of the Does/XYZ Corps. on this docket. *See, e.g.,* Dkt. No. 3-1 ¶¶ 15-16; 61-72. The fact that Defendants resisted disclosing the members of Cypress caused the FINRA process to fall apart. And to get at *why* Defendants irrationally refused that, Plaintiff will need to know who the members are and were.

COHEN&GREEN                                                          Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All counsel of record by ECF.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com