

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100      F  973.325.1501

October 14, 2022

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

### Re: Sport-BLX, Inc. v. Salerno, et al., Docket No. 1:22-cv-08111 (LGS)

Dear Judge Schofield,

      This firm represents Defendants Michael M. Salerno ("Salerno"), Northeast Professional Planning Group, Inc. ("NPPG"), and Cypress Holdings, III, L.P. ("Cypress Holdings") (collectively, "Defendants") in the above-captioned action. In accordance with Your Honor's Order dated October 11, 2022 (ECF No. 9), please accept this letter in response to Plaintiff Sport-BLX, Inc.'s ("Sport-BLX" or "Plaintiff") Letter Motion dated October 10, 2022 (ECF No. 8) wherein Plaintiff "ask[s] the Court to issue an order . . . addressing Defendants' [alleged] failure to allege or prove up complete diversity." (*Id*. at 1). More specifically, Plaintiff asks the Court to order Defendants to publicly disclose the identities of all partners of Cypress Holdings, or, in the alternative, to issue a summary remand. (*Id*. at 1, 3). For the reasons set forth below, Plaintiff's letter demand for informal discovery should be denied.

      Defendants submit that they have fully satisfied their obligation to plead diversity in removing this action from state court. With respect to the citizenship of Cypress Holdings, Defendants' Amended Notice of Removal adequately alleged that "[a]t the time the State Court Action was filed on August 3, 2022 and from the time that Defendants filed the Notice to remove this action to the United States District Court for the Southern District of New York on September 22, 2022 to present, all of [Cypress Holdings'] general and/or limited partners were and are citizens of the State of New Jersey and none were or are citizens of either the State of Delaware or the State of New York." (ECF No. 6 at ¶ 13). Despite this clear and unambiguous allegation, Plaintiff still contends that Defendants' Notice of Removal – "even as amended – fails to adequately allege the citizenship of Cypress [Holdings] . . . [because] it offers no specific facts about the citizenship – or even identity – of the members of Cypress." (ECF No. 8 at 2). Despite having no obligation to do so, in order to assuage Plaintiff's concerns regarding the existence of diversity jurisdiction, Defendants offered (1) to provide Plaintiff with a list of Cypress Holding' partners, including their addresses and states of citizenship (and, where applicable, the addresses and states of citizenship of those partners' members), with only the names of the partners redacted; or (2) to submit an unredacted version of that list to the Court for *in camera* review. Plaintiff rejected both offers.

October 14, 2022
Page 2

      In doing so, Plaintiff revealed that its true intention in seeking the names of Cypress Holdings' partners is not to simply "confirm – all the way upstream – whether there is diversity jurisdiction[,]" (ECF No. 8 at 1), but rather, to collect a list of names of individuals/entities to harass and threaten with litigation (despite there being no conceivable claims against them). After all, if Plaintiff's stated intention to simply ascertain diversity jurisdiction was true, then Plaintiff would have no valid basis to reject Defendants' repeated offer to produce a list of Cypress Holdings' partners (including their addresses and states of citizenship (and, where applicable, the addresses and states of citizenship of those partners' members)), subject to the sole limitation that the names of those individuals/entities be redacted or Defendants' alternative offer to submit a fully unredacted version of that list to the Court for *in camera* review. Nowhere in Plaintiff's Letter Motion does it even mention Defendants' offers or why they were rejected. Moreover, if Plaintiff's stated motive was genuine, it would not have filed its instant Letter Motion without first affording Defendants' counsel the opportunity to confirm a third option, namely the production of an unredacted list of Cypress Holdings' partners pursuant to an Attorneys' Eyes Only ("AEO") designation. Plaintiff's conduct reveals that it only wants the sought-after information to harass Cypress Holdings and its partners.

## **Discussion**

      On September 22, 2022, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.*, and Local Rule 81.1 of the Local Rules, to remove this action, then pending in the Supreme Court of the State of New York, New York County, Index No. 652732/2022 (the "State Court Action"), to the United States District Court for the Southern District of New York ("the Notice") (ECF No. 3). In the Notice, Defendants alleged that "[t]he State Court Action is a civil action over which the United States District Court for the Southern District of New York has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship in civil actions where the matter in controversy exceeds $75,000.00), and is removable pursuant to 28 U.S.C. § 1441. (*Id.* at ¶ 2). The Notice further alleged, in relevant part, that "the parties' citizenship satisfies the diversity requirement of 28 U.S.C. § 1332(a)(1)[,]" (*id.* at ¶ 8), and set forth the citizenship of the parties. (*See id.* at ¶¶ 9-12).

      On September 28, 2022, Your Honor entered an Order in this action stating that "the Notice failed to allege the citizenship of any party at both the time of removal and the time the original action was filed in state court[,]" and "that, by **October 7, 2022**, Defendants shall file an amended notice of removal that sufficiently alleges the requirements of removal jurisdiction on the basis of diversity of citizenship, or a letter stating why the case should not be remanded to state court." (ECF No. 4).

      On October 4, 2022, Defendants filed an Amended Notice of Removal that corrected the sole deficiency identified in Your Honor's September 28, 2022 Order. (ECF No. 6). Specifically, in their Amended Notice of Removal, Defendants alleged that the citizenships of the parties, as originally alleged in the Notice, were and are the citizenships of those parties "[a]t the time the State Court Action was filed on August 3, 2022 and from the time that Defendants filed the Notice to remove this action to the United States District Court for the Southern District of New York on September 22, 2022 to present[.]" (*See id.* at ¶¶ 10-13).

October 14, 2022
Page 3

On October 10, 2022, the parties engaged in a second meet and confer during which time Defendants reiterated their willingness to produce to Plaintiff "a list of the partners of [Cypress Holdings] including the addresses and states of citizenship of the individuals and/or entities who are partners of Cypress [Holdings] (as well as, where applicable, the addresses and states of citizenship of the individual members of the partner entities) subject to the sole limitation that the names of the individual /entity partners be redacted." (*See* Ex. A at 1). In the alternative, counsel for Defendants offered to speak with their clients that day, and respond to counsel for Sport-BLX no later than the following morning, "as to whether [Defendants] would consent to the disclosure of a list of [Cypress Holdings'] partners, including the names of the individuals/entities without redaction, provided that such disclosure be made with an [AEO] designation." (*Id.*). Despite having agreed to that proposed course of action, not even an hour after concluding the meet and confer, counsel for Sport-BLX e-mailed Defendants' counsel, unilaterally announced that the parties "are at an impasse[,]" (*id.* at 2), and filed the instant Letter Motion almost immediately thereafter.

While Plaintiff contends that Defendants are obligated to publicly disclose the specific names of each of Cypress Holdings' limited partners, Plaintiff fails to establish why disclosure of those names is necessary for establishing diversity jurisdiction, or why Defendants' offered alternatives (including *in camera* review of such information) are insufficient. Moreover, the cases to which Plaintiff cites for the proposition that the identities of Cypress Holdings' partners must be disclosed are inapplicable to the facts present here. For instance, in *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 U.S. Dist. LEXIS 109785, at *3-4 (S.D.N.Y. June 21, 2022), the complaint improperly pleaded that plaintiff was a corporation, when, in fact, its own name and a record search conducted by the Court revealed that plaintiff was a limited liability company ("LLC"). Only because the plaintiff erroneously identified itself as a corporation and did "not allege the citizenship of its members," did the Court order the plaintiff to file an amended complaint curing that deficiency. *Id.* at *4. Here, in contrast, Defendants accurately alleged Cypress Holdings' status as a limited partnership and adequately alleged the citizenship of Cypress Holdings as that of its general and limited partners. (*See* ECF No. 6 at 13). In *Sprout Mortg., LLC v. Consol. Analytics*, 2021 U.S. Dist. LEXIS 156152, at *1 (E.D.N.Y. Aug. 17, 2021), a removing defendant conceded in its Notice of Removal that the citizenship of the LLC plaintiff's members was "unknown" at the time of removal. The Court, therefore, ordered Plaintiff to file a letter identifying the members of the LLC and their residencies to determine whether federal subject matter jurisdiction existed. *Id.* at *2. Here, in contrast, the citizenship of all parties was known to the Defendants at the time of removal and adequately alleged in their Amended Notice of Removal. And, while Defendants are willing to provide Plaintiff with all the information necessary to determine the citizenships of Cypress Holdings' limited partners, they see no reason for their identities to be publicly disclosed and Plaintiff offers none.

Providing the states of citizenship of Cypress Holdings' limited partners, which Defendants have offered to do, is more than sufficient to substantiate Defendants' allegation of complete diversity - - the names of Cypress Holdings' limited partners would add nothing. But, if the Court believes that such information is required in connection with Plaintiff's alternative request for summary remand, Defendants are still prepared to disclose those names (and their respective citizenships) to Plaintiff on an AEO basis or to the Court for *in camera* review.

October 14, 2022
Page 4

                      Respectfully submitted,

                      */s/ A. Ross Pearlson*_____
                      A. Ross Pearlson
                      Member

cc: All Counsel of Record (*via ECF*)