UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE HALL, JOSEPH DE PERIO, SPORT-BLX, INC. and GLASSBRIDGE ENTERPRISES, INC., <br><br> Defendants. | Case No.: 22-cv-01243 (LGS) |
| SPORT-BLX, INC. *individually and derivatively on behalf of its shareholders*, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL M. SALERNO, NORTHEAST PROFESSIONAL PLANNING GROUP, INC., CYPRESS HOLDINGS, III, L.P., JOHN AND JANE DOES 1-4; and XYZ CORPS. 1-4, <br><br> Defendants. | Case No.: 22-cv-08111 (LGS) |

**STIPULATION AND [PROPOSED] ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

**WHEREAS**, the parties (the "Parties," each a "Party") to the above-captioned actions (the "Litigation") are engaged in discovery proceedings; and

**WHEREAS**, these discovery proceedings will necessarily involve the production of certain information that is confidential, including, but not limited to, personal identifiable information, financial information, and other sensitive and proprietary information; and

1

**WHEREAS**, the Parties believe that a protective order is necessary to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party reasonably believes that such Discovery Material constitutes or includes trade secret or other confidential research, development, or commercial information, personal identifying information, personal financial information, or other information, the disclosure of which would breach a legal or contractual obligation ("Confidential Discovery Material"). All designations of material as Confidential Discovery Materials shall be made in good faith and not for the purpose of obstructing the effective and efficient administration of justice.

2. Information prepared or derived by utilizing Confidential Discovery Material produced or exchanged under this Stipulation and Order shall also be considered Confidential Discovery Material, as appropriate.

3. Discovery Material, or any information derived therefrom, shall be used solely for

purposes of this Litigation and shall not be used for any other purpose including any other proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record without violation of this Stipulation and Order.

4.  The Producing Party shall designate Discovery Material as Confidential Discovery Material in the following manner:

   A.  In the case of documents or other tangible Discovery Materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" need only be stamped on the first page of the document for the entire document to be treated as Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the media containing the Discovery Material.

   B.  In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony that certain information or testimony is Confidential Discovery Material; or (ii) by written notice, sent by counsel to all Parties within thirty (30) days of the receipt of the final transcript, stating that the entire deposition transcript or testimony, or portions thereof, is Confidential Discovery Material. All depositions or other pretrial testimony will be deemed to be Confidential Discovery Material until the expiration of the

thirtieth day after counsel receive a copy of the final transcript thereof, after which time such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. Only those portions of the transcripts or testimony designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through an agreement on the record at such deposition or testimony, without further order of the Court.

    C.  In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

  5.  Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of the right to assert its confidentiality and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 4. Upon receiving such notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material from the date of such notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, information, or other such materials generated based upon or otherwise derived from such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material in the possession

of any persons not authorized to receive such material under this Stipulation and Order, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 3 of this Stipulation and Order.

6. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A.    The Parties;

    B.    Counsel who represent the Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this Litigation in accordance with this Stipulation and Order;

    C.    Subject to Paragraph 9, experts or consultants retained by or associated with any Party or its counsel to assist in the conduct of this litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this Litigation;

    D.    Subject to Paragraph 10, witnesses or deponents, and their counsel, only to

the extent necessary to conduct or prepare for depositions or testimony in the Litigation, except that such a person may only be shown the Confidential Discovery Material during and in preparation for his/her testimony and may not retain the Confidential Discovery Material;

  E. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting, but only to the extent that such disclosure is reasonably deemed necessary for the conduct of this Litigation, and provided that such persons may not retain any Confidential Discovery Material;

  F. The Court, Court personnel, Clerk of the Court and court reporters and/or videotape operators transcribing or recording any hearing, trial, or deposition in this Litigation or any appeal therefrom;

  G. Any other person only upon (i) order of the Court entered upon notice to the Parties; (ii) written Stipulation and Order of, or statement on the record by, the Producing Party; or (iii) express written consent by the Producing Party along with an executed statement by the person to whom disclosure of Confidential Discovery Material is to be made, stating that such person has read, understood, and agrees to be bound by the terms of this Stipulation and Order.

 7. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question

6

shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The Receiving Party may file the Confidential Discovery Materials in question under seal for the Court's *in camera* inspection subject to the governing provisions in the Federal Rules of Civil Procedure and the Court's Individual Rules and Procedures for Civil Cases. In connection with any such motion, the Party with an interest in sealing bears the burden of persuasion per the Court's Individual Rules and Procedures for Civil Cases.

8. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order. However, nothing in this paragraph shall be interpreted to limit pre-trial testimony in front of this Court as provided for in Paragraph 19.

9. Notwithstanding Paragraph 6(C) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant is using said Discovery Material solely in connection with the Litigation.

10. Notwithstanding Paragraph 6(D) above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by making such a statement on the record, or by producing an executed statement to that effect; or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed

copy thereof.

11. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and Order and notify the non-Party that the protections of this Stipulation and Order are available to such non-Party. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

12. The Parties reserve the right to apply, pursuant to Federal Rule of Civil Procedure 26(c), upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation and Order.

13. Entering into this Stipulation and Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    C. Operate as an admission by any Party that any particular Discovery Material

constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

       D.      Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

       E.      Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

       F.      Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

       G.      Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

       H.      Operate as a waiver of any attorney-client, work-product, business strategy, trade secret, or other privilege, protection or immunity.

14.      This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any Party of documents, materials, or information designated as Confidential Discovery Material that have been obtained lawfully by such Party independently of the discovery proceedings in the Litigation, and not otherwise subject to confidentiality restrictions.

15.      If Discovery Material that is subject to a claim of attorney-client privilege, attorney

work-product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party is inadvertently produced to that Party or Parties ("Inadvertent Production Material"), such inadvertent production shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine. Within a reasonable amount of time after discovering an inadvertent production of privileged material, the disclosing party must notify the opposing party, in writing, of the inadvertent production, and no party to this action shall thereafter assert that such inadvertent production waived any privilege or protection.

      A.     If a claim of inadvertent production is made pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or, at the direction of the Producing Party, destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose unless authorized by further order of the Court. Any analyses, memoranda or notes that were internally generated based upon such Inadvertent Production Material shall immediately be treated in conformance with the protected nature of the information.

      B.     A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and

work-product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party is inadvertently produced to that Party or Parties ("Inadvertent Production Material"), such inadvertent production shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine. Within a reasonable amount of time after discovering an inadvertent production of privileged material, the disclosing party must notify the opposing party, in writing, of the inadvertent production, and no party to this action shall thereafter assert that such inadvertent production waived any privilege or protection.

    A.     If a claim of inadvertent production is made pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or, at the direction of the Producing Party, destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose unless authorized by further order of the Court. Any analyses, memoranda or notes that were internally generated based upon such Inadvertent Production Material shall immediately be treated in conformance with the protected nature of the information.

    B.     A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and

such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

16.     Nothing herein shall be deemed to waive any applicable common law or statutory privilege or immunity or work-product protection.

17.     In the event that additional Parties join or are joined in the Litigation, they shall not have access to Discovery Material until each newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

18.     It is the present intention of the Parties that the provisions of this Stipulation and Order will govern discovery in the Litigation. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto that is satisfactory to all Parties, by the Court. Any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

19.     In the event that any Confidential Discovery Material is disclosed in or contained within any document that any Party intends to file publicly in this Litigation, that Party shall notify the Producing Party three (3) business days in advance of any such filing to afford it an opportunity to move for a protective order. If the Producing Party does not move for a protective order within three (3) business days of receiving notice under this paragraph, then the Producing Party shall be deemed to have waived the confidential designation for any such materials included in any public filing and these materials will no longer be deemed to be Confidential Discovery Material. If it is not practical for the Party to provide three (3) business days' notice to the Producing Party prior to filing a document containing Confidential Discovery Material in this Litigation, the Party may

file the document including the Confidential Discovery Material with the Court, provided that all Confidential Discovery Material in any publicly filed version of the document shall be redacted or filed under seal in accordance with the Federal Rules of Civil Procedure or the Court's Individual Rules and Procedures for Civil Cases. The Party making the filing may at any time elect to publicly file a redacted version of the filing from which all Confidential Discovery Material has been redacted, subject to the Federal Rules of Civil Procedure or the Court's Individual Rules and Procedures for Civil Cases, in lieu of pursuing the procedure set forth in this paragraph.

20. In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material. In the event the Parties cannot reach an agreement, the Party objecting to the use of the Confidential Discovery Material shall have the opportunity to seek relief from the Court as provided in Paragraph 7 above. In the event any Confidential Discovery Material is to be used in any filing with the Court, the filing shall be redacted or filed under seal in accordance with the Federal Rules of Civil Procedure or the Court's Individual Rules and Procedures for Civil Cases.

21. Even after the final disposition of this Litigation, the confidential obligations imposed by this Stipulation and Order shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs. Within 45 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding

in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work-product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work-product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22.     If any person in possession of Confidential Discovery Material (the "Receiving Party") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiving Party (collectively, a "Demand"), the Receiving Party shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 48 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object

to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation and Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiving Party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

23. No Receiving Party shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation and Order. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, or that any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiving Party responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. Without prejudice to the rights and remedies of the Producing Party, the Receiving Party responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to retrieve the improperly disclosed Confidential Discovery Material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

24. This Stipulation and Order may be executed by facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all or which together shall constitute but one agreement.

25. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential. Notwithstanding any other provision of this stipulation and order, documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

By:   /s/ A. Ross Pearlson                                                        Date: December 16, 2022
A. Ross Pearlson, Esq.
**Chiesa Shahinian & Giantomasi PC**
11 Times Square, 34th Floor
New York, New York 10036
Tel.: (212) 973-0572
E-mail: rpearlson@csglaw.com

*Attorneys for Cypress Holdings, III, L.P., Michael M. Salerno, and Northeast Professional Planning Group, Inc.*

So Ordered.

Dated: December 20, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

By:   /s/ J. Remy Green                                                      Date: December 16, 2022
J. Remy Green, Esq.
**Cohen & Green P.L.L.C**
1639 Centre Street, Suite 216
Ridgewood, New York 11385
Tel.: (929) 888-9480
E-mail: remy@femmelaw.com

*Attorneys for Sport-BLX, Inc. and George Hall*

By:   /s/ Wylie Stecklow                                                 Date: December 16, 2022
Wylie Stecklow, Esq.
**Wylie Stecklow PLLC**
152 West 57th Street, 8th Floor
New York, New York 10019
Tel.: (212) 566-8000
E-mail: ecf@WylieLaw.com

*Attorneys for Sport-BLX, Inc. and George Hall*

15

By: */s/ Jonathan S. Sack*  Date: December 16, 2022
     Jonathan S. Sack, Esq.
     Edward M. Spiro, Esq.
     W. Alex Harris, Esq.
     **Morvillo, Abramowitz, Grand, Iason & Anello P.C.**
     565 5th Avenue
     New York, New York 10017
     Tel.: (212) 856-9600
     E-mail: jsack@maglaw.com
            espiro@maglaw.com
            wharris@maglaw.com

*Attorneys for Sport-BLX, Inc. and George Hall*


By: */s/ David S. Gold*  Date: December 16, 2022
     David S. Gold, Esq.
     H.C. Jones, Esq.
     **Cole Schotz P.C.**
     25 Main Street
     Court Plaza North
     Hackensack, New Jersey 07601
     Tel.: (201) 525-6305
     E-mail: dgold@coleschotz.com
            hjones@coleschotz.com

*Attorneys for Joseph De Perio*


By: */s/ Christian D. Carbone*  Date: December 16, 2022
     Christian D. Carbone, Esq.
     **Loeb & Loeb LLP**
     345 Park Avenue
     New York, New York 10154
     Tel.: (212) 407-4852
     E-mail: ccarbone@loeb.com

*Attorneys for GlassBridge Enterprises, Inc.*


                                                Lorna G. Schofield, U.S.D.J.