The request by Sport-BLX and Hall is GRANTED.  The identities of the members of Cypress are relevant for substantially the reasons stated below by Sport-BLX and Hall, and they are likely to have relevant and discoverable information about at least some of Sport-BLX and Hall's claims and allegations.  Even if the Court were to credit Cypress Parties' claims that Salerno only discussed the investment decision itself with one member, that would not mean that the other members and the information they hold is irrelevant to all of Sport-BLX and Hall's claims.  The Cypress Parties' conclusory assertions that this discovery is sought in bad faith or for the purpose of harassment are unpersuasive.

The Cypress Parties shall, by **February 3, 2023**, identify all members of Cypress, and the Cypress Parties shall respond promptly to Sport-BLX and Hall's other discovery requests without regard to their objections that discovery from or about Cypress's members is inappropriate.  As Sport-BLX and Hall acknowledge, the Cypress Parties may of course take steps, consistent with the protective order, to safeguard any confidential information sought by the discovery requests.

Separately, Defendants in both *Cypress Holdings, III, L.P. v. Hall*, No. 22 Civ. 1243, and *Sport-BLX, Inc. v. Salerno*, 22 Civ. 8111, shall answer, move or otherwise respond to the respective operative complaints by **February 10, 2023**.

Dated:  January 26, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
      *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

We represent Sport-BLX, Inc. ("Sport-BLX") and George Hall in the above-referenced actions.  We write on behalf of Sport-BLX and Mr. Hall, together with counsel for Michael Salerno, National Professional Planning Group, Inc. ("NPPG"), and Cypress Holdings, III, L.P. ("Cypress") (collectively, the "Cypress Parties"), in response to the Court's January 5, 2023 Order directing the parties to meet and confer regarding certain of the Cypress Parties' objections to discovery requests from Sport-BLX and Mr. Hall seeking the identities of Cypress's investors.

**SPORT-BLX AND MR. HALL'S NEED FOR THE DISCOVERY**

Pursuant to Your Honor's Order, on January 11, 2023, counsel for Sport-BLX, Mr. Hall, and the Cypress Parties met and conferred in an effort to resolve or narrow their disputes on the Cypress Parties' objections.[1]  During that meet-and-confer, the Cypress Parties stated their objection was not related to burden while persisting in their refusal to disclose the identities of Cypress's investors as not relevant to the actions and that disclosing those identities allegedly would lead to harassment of the Cypress investors.  As detailed below, the Cypress Parties' objections are without merit, and the Cypress Parties should be directed to comply with the discovery requests at issue.[2]

---

[1] Present at the meet-and-confer were attorneys Edward Spiro, Wylie Stecklow, and Alex Harris for Mr. Hall and Sport-BLX; and A. Ross Pearlson and Daniel Tyrrell for the Cypress Parties.

[2] Those requests are:
- Request No. 19, "All documents sufficient to identify all members of Cypress";

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
January 25, 2023
Page 2

  In the two actions before the Court, Cypress has alleged securities fraud, fraudulent inducement, and related violations arising out of its $1,000,000 investment in Sport-BLX; and Sport-BLX has alleged breaches of fiduciary duty and related violations arising out of disloyal and self-interested interference by Cypress and its sole general partner, defendant Salerno, with the conduct of Sport-BLX's business. Central to these actions is Cypress's decision to invest in Sport-BLX, the information it received concerning that investment opportunity, and the Cypress Parties' conduct following its $1,000,000 investment. Cypress is purportedly an investment vehicle organized by Mr. Salerno that includes fewer than 20 investors. Aff. of Michael Salerno, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 18-1. Cypress's limited partners are likely to have documents and information that relate to core allegations in these actions—including, but not limited to, Cypress's investment in Sport-BLX, which underlies every claim Cypress brings against Sport-BLX and Mr. Hall, and Salerno's and Cypress's obstruction of Sport-BLX's business plan and other fiduciary-duty breaches they committed. *See* First Am. Compl. ¶¶ 20-42, *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS), ECF No. 17; *see also id.* ¶¶ 19-31 (allegations re: initial investment), 33-34 (allegations re: Sport-BLX diligence materials), 45-49 (alleged overpayment for rent), 51-52 (allegations re: Sport-BLX's business model and use of investment funds). The parties also discussed a business settlement of $1.7 million in 2019, which Mr. Salerno rejected on behalf of Cypress. Discussions between Mr. Salerno and the limited partners relating to this possible settlement, and related beliefs about the value of the investment, would be highly relevant. *See* Compl. ¶¶ 73-78, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 3-1.

  The Cypress limited partners are also likely to have information concerning Mr. Salerno's refusal in 2019 to identify Cypress's ownership in response to a request from the Financial Industry Regulatory Authority ("FINRA"). That refusal, which forced Sport-BLX to abandon its original business model, is central to claims of misconduct against Mr. Salerno and

---

- Request No. 24, "All documents concerning any communications You had with members of Cypress about disclosure of their identities to FINRA";
- Request No. 28, "All documents concerning any communications in which You warned any member of Cypress about the potential risks of not disclosing their identities";
- Interrogatory No. 2, "Identify John and Jane Does 1-4 and XYZ Corps. 1-4 as alleged in" Sport-BLX's complaint, No. 1:22-cv-8111 (LGS), ECF No. 3-1;
- Interrogatory No. 5, "Identify all members and/or investors of Cypress" and "any specific member or investor in Cypress that could not be disclosed, or that You objected to being disclosed by Cypress to Sport-BLX for purposes of completing its FINRA disclosures";
- Interrogatory No. 6, "Identify all members and/or investors of Cypress with any criminal record or civil regulatory, enforcement or litigation histories that could have hindered the FINRA process for Sport-BLX, or that the individual Cypress member/investor did not want disclosed as part of the FINRA application process."

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
January 25, 2023
Page 3

his co-defendants.  *See* Compl. ¶¶ 62-73, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 3-1.[3]

Any information that may relate to the claims or defenses in these two actions plainly falls within the heartland of proper discovery.  *MacCartney v. O'Dell*, No. 14-CV-3925 (NSR), 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018).  That includes any documents that may be in the possession of the limited partners themselves, and certainly includes the identities of purported victims of an alleged fraudulent scheme.  It also includes the limited partners' knowledge of alleged facts, which Sport-BLX and Mr. Hall are entitled to explore in depositions.

Obtaining that information and taking such depositions require identifying Cypress's limited partners.  Other courts have permitted the very sort of discovery now sought by Sport-BLX and Mr. Hall.  *See, e.g.*, *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV 12-6383, 2016 WL 4703656, at *15 (E.D.N.Y. Sept. 7, 2016) (holding that, "notwithstanding Defendants' generalized objections," the "identities of the corporate principals of [Defendant], including its owners, officer/directors and board member" were likely to lead to relevant information); *Water St. Bank & Tr. Ltd. v. Rep. of Panama*, No. 94 Civ. 2609 (HB), 1995 WL 51160, at *1 (S.D.N.Y. Jan. 8, 1995) (similar).

The Cypress Parties' objections to disclosure are without merit.  Their principal argument is that the Cypress investors' identities are not discoverable because, according to Mr. Salerno's untested representation, he discussed the "decision to invest" in Sport-BLX with only one of Cypress's limited partners (his accountant).  But one party does not get to cut off entirely reasonable and proportional discovery based on a self-serving statement of facts.  *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 792 (S.D.N.Y. 2005).  What is more, the Cypress Parties' representation—limited to the "decision to invest"—is so narrow and artificial that it practically concedes that Mr. Salerno spoke with the limited partners about the host of other issues that would typically come up in a private investment before and after an investment is made, including the value and risks of the business and the reason for not wanting to disclose their identities in 2019.

In any event, the Cypress Parties' argument rests on an artificially narrow scope of reasonable discovery.  The claims and defenses in these actions concern ***far more*** than Cypress's initial investment decision; they include, among other things, Cypress's conduct after the Sport-BLX investment, Mr. Salerno's misconduct as a member of Sport-BLX's board of directors, and

---

[3] In addition to likely possessing relevant information, Cypress's investors are named as unidentified defendants in Sport-BLX's complaint.  Compl., *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 3-1.  That, too, renders their identities relevant and thus discoverable.

the obstruction of Sport-BLX's original business plan. Any information that Cypress's investors possess on these and other topics related to Sport-BLX is discoverable.

Moreover, the Cypress Parties' present representation as to the facts is only the latest in a series of shifting representations as to Cypress's ownership in the Sport-BLX investment. In a meet-and-confer discussion on December 28, 2022, counsel for Mr. Salerno represented that he never discussed Sport-BLX with **any** of Cypress's limited partner investors; now he claims he spoke with one of them. In early 2019, Mr. Salerno informed Sport-BLX that he was investing in the company through Cypress, his "holding company," without any reference to other investors. Later in 2019, when he refused to provide the names of Cypress's owners, he said the reason related to his "estate plan," again without any reference to other owners. Those shifting, opportunistic statements relate to Mr. Salerno's honesty and credibility, which are central to the actions. Sport-BLX and Mr. Hall should not be precluded from reasonable and focused discovery simply because Mr. Salerno wants to limit exploration of highly relevant facts about his and Sport-BLX's claims.

The Cypress Parties' other objections also lack merit. They claim that production of the identities of Cypress's investors now is unnecessary because Sport-BLX did not submit its FINRA application after Mr. Salerno left Sport-BLX's board. The claim lacks merit because it rests on the mistaken premise that it was Mr. Salerno's board membership that triggered the duty to inform FINRA of Cypress's owners. That is wrong. The duty to disclose Cypress's owners arose from Cypress's investment in Sport-BLX, not Mr. Salerno's board membership, so it was his persistent refusal to disclose the owners that frustrated Sport-BLX's original business plan.

Finally, providing the identities of Cypress's investors will not burden the Cypress Parties or lead to any harassment of the Cypress investors. To the extent the identity of the Cypress investors is confidential (which it likely is not), the Cypress Parties can designate the information as confidential through the protective order in these actions. The requested information is discrete and easily obtainable by the Cypress Parties. In fact, the identity of investors could be provided simply by turning over the unredacted affidavit listing Cypress's investors that the Cypress Parties filed in the Sport-BLX action. *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 18-1. Accordingly, the Court should require the Cypress Parties to disclose the identity of the limited partners and related material sought in discovery.

**THE CYPRESS PARTIES' RESPONSE**

For the reasons explained in further detail below, it is the Cypress Parties' position that discovering the names and personal identifiers of the limited partners in Cypress is irrelevant, made purely to harass, and is not reasonably calculated to lead to the discovery of admissible evidence—making it undiscoverable. Additionally, moving for the discovery of Cypress' limited

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
January 25, 2023
Page 5

partners is purely a fishing expedition based on pure speculation that a Cypress limited partner might possess any knowledge of the information sought, despite clear representations by Cypress' Managing Partner, Michael Salerno, that he did not engage in any conversations or communications with any of Cypress' limited partners regarding Cypress' decision to invest in Sport-BLX, save for Cypress' accountant, also making the identity of Cypress' limited partners undiscoverable. Based on Mr. Salerno's representation that he only discussed a potential Sport-BLX investment with one of Cypress' limited partners—his accountant—the Cypress Parties are willing to disclose the identity of that limited partner.

Federal district courts have broad discretion in deciding motions to compel. *See Grand Cent. P'ship., Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999); FED. R. CIV. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. *See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.,* 318 F.R.D. 28, 37 (S.D.N.Y. 2016). While it is undisputed that all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable, discovery is to be limited when, "'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege[.]'" *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 364 (S.D.N.Y. 2010) (*quoting In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir.1992)). To add, "[d]iscovery . . . is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Tottenham v. Trans World Gaming Corp.*, No. 00-civ-7697, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (internal quotation and citation omitted) (finding document requests constituted no more than a "fishing expedition to discover additional instances of wrongdoing beyond those already alleged in the Answer."); *see also Congelados del Cibao v. 3 Kids Corp.*, No. 19-civ-7596, 2021 WL 3774141 (S.D.N.Y. Aug. 24, 2021); *Park West Radiology v. CareCore Nat. LLC,* 547 F.Supp.2d 320, 322 (S.D.N.Y. 2008) (finding "[d]efendants' discovery request excessively broad . . . [and that] the discovery demand strikes the Court as more like a fishing expedition by which [d]efendants hope to find documentation to support the numerous allegations[.]").

Sport-BLX and George Hall submit that discovery is necessary because the limited partners of Cypress are likely to possess information and documents related to the allegations in this matter, including facts surrounding Cypress' investment in Sport-BLX. However, the decision to invest in Sport-BLX was made solely by Mr. Salerno. When deposed[4], Mr. Salerno will testify that he did not discuss the decision to invest in Sport-BLX with any other limited

---

[4] Mr. Salerno has already been noticed to appear for a deposition, presently scheduled for February 9, 2023. This lends further support to Cypress' position that disclosure of the identities of Cypress' limited partners will not yield relevant and admissible evidence in this matter, and that disclosure of those identities should not be compelled. In short, Mr. Salerno's sworn testimony will establish that compelling the identities of Cypress' limited partners will not yield relevant evidence. The sworn testimony of Mr. Salerno holds vastly more weight than the "self-serving denials" Sport-BLX and Hall claim Mr. Salerno's statements to be.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
January 25, 2023
Page 6

partner of Cypress, except, as stated above, his accountant. Therefore, any limited partner in Cypress would not possess any relevant information or documents relating to the investment decision, thereby making discovery of the identities of Cypress' limited partners unlikely to lead to the discovery of relevant, admissible evidence.

Sport-BLX and Hall further submit that disclosure of Cypress' limited partners will lead to discovery of evidence as it relates to Mr. Salerno's refusal to identify Cypress' ownership in response to a request from the Financial Industry Regulatory Authority ("FINRA"). Sport-BLX and Hall contend that the refusal forced Sport-BLX to abandon its original business model which forms the basis for Sport-BLX's and Hall's claims against Mr. Salerno. It is the Cypress Parties' position that disclosure of the identities of Cypress' limited partners for this reason is not likely to lead to the discovery of relevant and admissible evidence. Importantly, even after Cypress was removed from the Sport-BLX Board, Sport-BLX did not move forward with any application to FINRA. This negates any contention that disclosure of the identities of Cypress' limited partners was necessary for any FINRA-related inquiry. Moreover, the actual names/identities of Cypress' limited partners are irrelevant to the issue of whether those names/identities were required to be disclosed to FINRA in the first place.

In sum, there is no possible testimony or documents that could be obtained from Cypress' limited partners which would produce relevant, admissible testimony in this matter. The request is simply a fishing expedition aimed to burden and harass Cypress' limited partners. For that reason, the Court should not require disclosure of their identities.

Respectfully submitted,

/s/ *Jonathan S. Sack*

Jonathan S. Sack
Counsel for Sport-BLX & Mr. Hall


A. Ross Pearson
Counsel for the Cypress Parties

cc: Counsel of record (by ECF)