

C H I E S A   S H A H I N I A N   &   G I A N T O M A S I   P C

11 Times Square, 34th Floor, New York, NY 10036
**csglaw.com**

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100      F  973.325.1501

**BY ECF**                                          February 10, 2023

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**     ***Sport-BLX, Inc. v. Salerno, et al.***, Docket No. 22-cv-08111 (LGS)

Dear Judge Schofield,

This firm represents Defendants Michael M. Salerno ("Salerno"), Northeast Professional Planning Group, Inc. ("NPPG"), and Cypress Holdings, III, L.P. ("Cypress") (collectively, "Defendants") in the above-referenced action.[1] Pursuant to Rule III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), and in accordance with the Court's Memo Endorsement dated January 26, 2023, Defendants respectfully submit this pre-motion letter to inform the Court of their intention to move to dismiss Plaintiff Sport-BLX, Inc.'s ("Sport-BLX") Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Defendants propose the following briefing schedule: Motion to Dismiss/Opening Brief: March 3, 2023; Response: March 24, 2023; Reply: March 31, 2023.

**A.     Sport-BLX Fails to Plead a Valid Breach of Fiduciary Duty Claim**

Plaintiff does not plead sufficient facts to support its claim that Salerno breached his fiduciary duties to Sport-BLX as a director of the company. Under New York law, "[t]he elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *In re Stillwater Cap. Partners Inc. Litigation*, 851 F. Supp. 2d 556, 569 (S.D.N.Y. 2012) (citation omitted). Here, Plaintiff's allegations of a breach of fiduciary duty primarily involve Salerno's alleged failure to disclosure Cypress' limited investors to the Financial Industry Regulatory Authority ("FINRA") as part of Sport-BLX's then-contemplated

---

[1] Plaintiff also names as defendants John and Does 1-4 and XYZ Corps. 1-4, whom Plaintiff describes as "fictitious entities, unknown to Plaintiff[], who constitute the owners and shareholders of Defendant Cypress." (Compl. ¶ 15). On February 3, 2023, in accordance with this Court's January 26, 2023 Memo Endorsement, Defendants submitted a list to Plaintiff providing the full names of Cypress' limited partners. On February 9, 2023, in accordance with Rule 26.3(c)(3) of the Local Rules of the United States District Court for the Southern District of New York, Defendants provided a revised version of the list of Cypress' limited partners to Plaintiff, wherein Defendants provided the full name and present or last known address and, where applicable, the present or last known place of employment, of each listed limited partner. As these defendants have not been served with the Complaint in accordance with Fed. R. Civ. P. 4, and Plaintiff has not sought to amend its Complaint to substitute in these recently-identified defendants, Defendants' instant pre-motion letter is limited to those claims asserted against Salerno, NPPG, and Cypress.

broker-dealer application. Not only does the Complaint fail to acknowledge that Salerno offered to disclose this information directly to FINRA, the Complaint fails to allege any specific FINRA rule or regulation requiring such disclosure. Moreover, where, as here, a plaintiff seeks money damages under a breach of fiduciary duty claim, the plaintiff must establish that the alleged breach of fiduciary duty was "both a 'but for' and proximate cause" of the damages. *Solely v. Wasserman*, 823 F. Supp. 2d 221, 232 (S.D.N.Y. 2011) (citation omitted). As noted in the Complaint, Sport-BLX made the conscious business decision to abandon its broker-dealer application and not pursue it further even after Salerno's removal from Sport-BLX's Board. As a result, it cannot be said that Salerno's alleged refusal to disclose the names of Cypress' limited partners to FINRA was the "but for" or "proximate" cause of the damages alleged by Sport-BLX. Accordingly, Plaintiff's First Cause of Action should be dismissed in its entirety.

**B.    Sport-BLX Fails to Plead a Valid Tortious Interference with Prospective Economic Advantage Claim**

Plaintiff's claim for tortious interference with prospective economic advantage fails to state a claim against any of the Defendants. To state a claim for tortious interference with prospective economic advantage under New York law, "the plaintiff must allege that (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (citation omitted). The "tort is a difficult one to sustain, with requirements more demanding than those for interference with [the] performance of an existing contract." *Tera Grp., Inc. v. Citigroup, Inc.*, No. 17 Civ. 4302, 2019 WL 3457242, at *22 (S.D.N.Y. July 30, 2019) (internal quotations and citation omitted).

The Complaint alleges that "Defendants undertook wrongful conduct – to wit, refusing to disclos[e] the ownership and investors in Cypress and making baseless allegations – solely to harm Plaintiff[]." (Compl. ¶ 157). The factual allegations that form the basis of Plaintiff's claim, therefore, are based solely on actions allegedly taken (or not taken) by Salerno. In fact, Plaintiff seeks to hold NPPG (an entity that did not invest in and has no relationship to Sport-BLX) liable based solely on NPPG's name being in the automatically-generated signature block of the e-mail address that Salerno used to communicate with Plaintiff. None of the alleged conduct is malicious or tortious in nature. Moreover, the Complaint fails to identify the specific business relationships with which Salerno (or any other Defendant) allegedly interfered, stating only that Salerno's alleged actions "scared off *potential* investors." (*Id.* at ¶ 142) (emphasis added). New York law, however, requires that Plaintiff allege that Defendants knew about *specific* business relationships between Plaintiff and third-parties and intentionally interfered with them. *See Burns Jackson Miller Summit & Spitzer v. Lindner*, 452 N.Y.S.2d 80, 93 (N.Y. App. Div. 1982) ("[E]ven in its most liberal formulation, the relationships [as alleged in a tortious interference with prospective business relations claim] must be specified, as must the defendants' knowledge and the interference."). The Complaint's allegations regarding Defendants' wrongful conduct – *i.e.,* Salerno's "refusing to disclos[e] the ownership and investors in Cypress and [his] making baseless allegations[,]" - do not allege that Salerno (or any other Defendant) knew about, and intentionally interfered with, any *specific* prospective business relationship of Plaintiff. *See Richardson v. Pratcher*, 48 F. Supp. 3d 651, 673 (S.D.N.Y. 2014). Furthermore, the Complaint does not contain allegations that Salerno (or any other Defendant) directed any of their

allegedly wrongful conduct toward *any* prospective business relationship between Plaintiff and *any* specific third-party, as is required by New York law. Accordingly, Plaintiff's Second Cause of Action should be dismissed in its entirety.

**C.    Sport-BLX Fails to Plead a Valid Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

"Under New York law, to state a claim for breach of the implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of [a] contract or to withhold its benefits from the plaintiff." *Tonra v. Kadmon Holdings, Inc.*, 405 F. Supp. 3d 576, 585-86 (S.D.N.Y. 2019) (internal quotation marks and citation omitted). Here, Plaintiff's claim is based on Salerno's alleged failure to disclosure Cypress' limited partners to FINRA and his alleged "refus[al] [to accept] a buyout offer that nearly doubled [Cypress'] investment." (Compl. ¶¶ 166-67). As an initial matter, the two Common Stock Purchase Agreements and "Side Letter" referenced in the Complaint were executed by Salerno *on behalf of Cypress*. Since there was no explicit contract between Sport-BLX and Salerno, and because "[t]here can be no breach of . . . the implied covenant of good faith and fair dealing[] without a governing valid contract[,]" Plaintiff's Third Cause of Action, as pled against Salerno, must be dismissed. *See Garrett v. Music Pub. Co. of Am., LLC*, 740 F. Supp. 2d 457, 463 (S.D.N.Y. 2010). Furthermore, Cypress did not warrant in either the Common Stock Purchase Agreements or Side Letter that it would disclose its limited partners to FINRA if requested to do so by Sport-BLX, nor was it even implied. There is simply no provision in the contracts relating to that issue. Because Cypress has fully met its obligations under those contracts, Plaintiff's Third Cause of Action, as pled against Cypress, must also be dismissed.

**D.    Sport-BLX Fails to Plead a Valid Aiding and Abetting Breach of Fiduciary Duty Claim**

Plaintiff also fails to allege sufficient facts to support its claim that Cypress and/or NPPG aided and abetted Salerno's alleged breach of fiduciary duty to Sport-BLX. As an initial matter, a claim for aiding and abetting a breach of fiduciary duty is dependent upon an underlying breach of fiduciary duty. *See Stillwater Cap. Partners*, 851 F. Supp. 2d at 574. As described above, neither Cypress nor NPPG can be liable for aiding and abetting a non-existent breach of fiduciary duty by Salerno. Moreover, in order to establish an aiding and abetting breach of fiduciary duty claim, a plaintiff is required to "allege facts sufficient to establish that the alleged aider and abettor knowingly participated in the alleged breach of fiduciary duty." *Marino v. Grupo Mundial Tenedora, S.A.*, 810 F. Supp. 2d 601, 613 (S.D.N.Y. 2011) (*citing Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 247 (S.D.N.Y. 1996) (New York law requires "actual knowledge" of and "substantial assistance" in the breach[.]")). Here, Plaintiff's claim against NPPG is again based exclusively on the allegation that the e-mail address utilized by Salerno contained an automatically-generated signature block listing Salerno as NPPG's "Founder & CEO[.]" Plaintiff's Complaint states, in a conclusory fashion, that "Cypress and NPPG colluded in, or aided and abetted, Salerno's [alleged] breaches of [his] fiduciary duties . . . [and that] Cypress and NPPG were active and knowing participants in all the conduct alleged above." (Compl. ¶¶ 172-73). Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff's Fourth Cause of Action should be dismissed in its entirety.

Respectfully submitted,

*/s/ A. Ross Pearlson*_____
A. Ross Pearlson
Member

cc: All Counsel of Record (*by ECF*)