# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
―――
WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND
―――
COUNSEL
JASMINE JUTEAU
―――
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 14, 2023

**BY ECF**
Hon. Lorna G. Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

   We represent Sport-BLX, Inc. ("Sport-BLX") in the above-referenced action. Until now, the Cypress Parties have done almost nothing in this case. They failed to file an answer to the Sport-BLX complaint; they failed to comply with the Court's January 26, 2023 discovery order, which requires "prompt" disclosure of vital communications with limited partners; and they ignored other basic discovery obligations.

   Yet, now—*weeks* before fact discovery closes—they ask the Court for leave to seek dismissal. Dkt. 29. That preposterous request should be denied outright. The Cypress Parties have known about the Complaint since August 2022 and thus could have moved to dismiss months ago. And such a motion would fail regardless, given the Complaint's ample allegations of years of lies and misconduct by Salerno and Cypress. Discovery has already bolstered those allegations, and—despite the Cypress Parties' failure to produce Court-ordered discovery materials on the Cypress limited partners—has given Sport-BLX a basis to amend its Complaint.

   The Court should not let the Cypress Parties' pattern of delay and gamesmanship dictate the terms of this case. As detailed below, their request for leave to seek dismissal should be denied. They also should be ordered to comply with the Court's January 26, 2023 Order forthwith, so Sport-BLX may file an Amended Complaint incorporating such discovery.

   1. **A motion to dismiss is untimely.** This action was filed in state court on August 3, 2022 and removed to this Court on September 22, 2022. Since removal, the Cypress Parties inexplicably failed to respond to the Complaint. Permitting a motion to dismiss challenging the sufficiency of the Complaint at this late stage—barely *a month* before the close of fact discovery

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
February 14, 2023
Page 2

(with a proposed briefing schedule extending more than two weeks past the end of fact discovery)—would reward the Cypress Parties for their delay and needlessly burden the Court and Sport-BLX. The Cypress Parties can raise any challenge to the Complaint through a motion for summary judgment on a full factual record after the close of discovery in this and the related action, *Cypress Holdings, III, L.P. v. Hall, et al.*, Civil Action No. 1:22-cv-1243-LGS.

2. **The Complaint is meritorious.** The Cypress Parties' request to file a motion to dismiss also fails on the merits. Sport-BLX has endured a campaign of misconduct, harassment, and false accusations by former Sport-BLX director Salerno and shareholder Cypress. Sport-BLX's unique business model—providing an online marketplace for sports-related assets—was potentially lucrative, and thus attracted a number of investors, including Salerno, who invested $1 million in Sport-BLX on behalf of Cypress. But instead of advancing the company's interests, Salerno and Cypress immediately began making needless demands, threatening litigation, and harassing Sport-BLX, all with the aim of wresting an unreasonably high buyout from the company. When their demands were not met, Salerno and Cypress only intensified their bad-faith conduct, refusing to provide Sport-BLX with the identities of Cypress's owners, which was required for Sport-BLX to obtain critical FINRA regulatory approval. That refusal ground Sport-BLX's progress to a halt and forced the company to abandon its original business plan. Even after leaving Sport-BLX's board in 2019, Salerno has continued to bring baseless accusations of misconduct against Hall—which, despite Salerno's refusal to provide any support for his claims, have kept Sport-BLX from raising much-needed capital—and filing his meritless lawsuit against the company.

Sport-BLX's Complaint details, among other things, how Salerno breached his fiduciary duties by "refus[ing] to disclose Cypress's ownership and investors" in response to a FINRA request, Dkt. 6-1 ¶ 66, which forced Sport-BLX to "abandon[] its original business plan," *id.* ¶ 94; *see also id.* ¶¶ 45 (alleging but-for causation), 65, 72, 82, 83, 147. The Complaint also alleges that Salerno's spurious accusations of corporate misconduct "made raising capital [for Sport-BLX] impossible," *id.* ¶ 135, and left the company "unable to raise funds" from potential investors, *id.* ¶ 136. In sum, Salerno's and Cypress's years-long pattern of misconduct and deception badly damaged Sport-BLX's business prospects, and this action seeks to remedy that damage through well-pled, well-supported claims against the Cypress Parties.

Additional evidence developed in discovery, which Sport-BLX will set forth in an Amended Complaint, further supports denying a motion to dismiss. Most importantly, ***Salerno and Cypress lied about who really owned Cypress*** in order to convince Sport-BLX to allow Cypress to acquire shares in the company, and then ***lied to fellow Sport-BLX directors as to the real reason for not wanting to disclose the owners of Cypress*** as part of Sport-BLX's application for FINRA registration. On February 3, 2023, after Sport-BLX was forced to repeatedly seek judicial intervention, the Cypress Parties finally provided Sport-BLX with the names of Cypress's numerous limited partners. Although incomplete, the Cypress Parties' production shows that Cypress is a pooled investment vehicle with **18** limited partners. That

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
February 14, 2023
Page 3

confirms that Salerno made significant misrepresentations to Sport-BLX—specifically, by claiming Cypress was "my holding company" and representing, until the date he signed the investment agreements, that he alone was the intended investor.

Cypress's recent, limited disclosures further revealed that one of Cypress's listed individual limited partners is a convicted felon. That revelation helps explain Salerno's refusal to identify Cypress's limited partners as part of Sport-BLX's application for FINRA registration, which frustrated Sport-BLX's business plan, and which Salerno claimed at the time (we now know, falsely) was based on personal estate-planning concerns. Additionally, several Cypress limited partners were plaintiffs in a then-pending state-court action over an investment dispute, *see* Compl., *Brinker-Cohen Family Trust v. Ebury Fund I, LP*, No. 50611/2019 (N.Y. Sup. Ct. Westchester Cnty. 2019), NYSCEF No. 1, which was never disclosed to Sport-BLX. These facts directly cast doubt on the accuracy of Salerno's recent representation to the Court that "he only discussed a potential Sport-BLX investment with . . . his accountant." Dkt. 75 at 5.[1]

Based on these newly discovered facts and other highly relevant information, Sport-BLX wishes to amend its Complaint with additional factual allegations supporting its legal claims. *E.g.*, *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 71 (2d Cir. 2014); *see* Fed. R. Civ. 15(a)(1) (amendment as a matter of course).

3. **The Cypress Parties' discovery failings**. The Cypress Parties have consistently delayed and impeded discovery. Despite bringing the related action over one year ago, they have served only one production so far, which consisted of fewer than 350 documents and was unaccompanied by any explanation of the Cypress Parties' collection process.[2] Counsel for the Cypress Parties at first declined to say how the produced documents had been identified, then backtracked at a January 11, 2023 meet-and-confer and agreed to run search terms against their clients' materials. That was over a month ago. But as recently as February 10, 2023, counsel for the Cypress Parties said that they had ***not even collected electronic data*** from their clients. They have also failed to produce any documents responsive to Sport-BLX's discovery requests on the Cypress limited partners—despite the January 26, 2023 Order requiring such production "promptly"—and represented that they may not be able to do so before February 17, 2023.

Sport-BLX needs the additional, Court-ordered discovery on the Cypress limited partners that the Cypress Parties have failed to produce. In light of the importance of that discovery to its amended pleadings, Sport-BLX requests that the Court order the Cypress Parties to comply with its January 26 Order forthwith. Sport-BLX will then promptly file its Amended Complaint five business days after that date.

---

[1] Another individual is a close family member of Salerno with whom he likely discussed the Sport-BLX investment.
[2] Sport-BLX and Hall have produced over 19,000 documents to date.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
February 14, 2023
Page 4

                                                                  Respectfully submitted,

                                                                  /s/ *Jonathan S. Sack*

                                                                  Jonathan S. Sack

cc: Counsel of record (by ECF)