**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPORT-BLX, INC., *individually and derivatively on behalf of its shareholders*,<br><br>          Plaintiff,<br><br>     -against-<br><br>MICHAEL M. SALERNO, NORTHEAST PROFESSIONAL PLANNING GROUP, INC., CYPRESS HOLDINGS, III, L.P., JOHN AND JANE DOES 1-4, and XYZ CORPS. 1-4,<br><br>          Defendants. | Case No. 22-cv-08111 (LGS)<br><br>Hon. Lorna G. Schofield<br><br>**DEFENDANTS MICHAEL M. SALERNO'S, NORTHEAST PROFESSIONAL PLANNING GROUP, INC.'S AND CYPRESS HOLDINGS, III, L.P.'S ANSWER TO PLAINTIFF SPORT-BLX, INC.'S VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendants Michael M. Salerno ("Salerno"), Northeast Professional Planning Group, Inc. ("NPPG"), and Cypress Holdings, III, L.P., ("Cypress") (collectively, "Defendants"), by and through their attorneys, Chiesa Shahinian & Giantomasi PC, answer the Verified Complaint ("Complaint") filed by Plaintiff Sport-BLX, Inc. ("Plaintiff" or "Sport-BLX"), individually and derivatively on behalf of its shareholders, as follows:

## **PRELIMINARY STATEMENT[1]**

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Sport-BLX purports to bring this action, in part, for an alleged breach of fiduciary obligations by Salerno.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

---

[1] Defendants use the headings in Plaintiff's Complaint for the convenience of the reader, and no admission of any fact or assertion is made or implied thereby. To the extent that the headings purport to make a factual allegation, the allegation is expressly denied.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint. By way of further answer, Paragraph 3 of the Complaint cites to a June 5, 2021 CNBC article, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

## PARTIES AND JURISDICTION

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.      Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.      Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit that NPPG was formed in New Jersey and that Salerno is NPPG's Founder and Chief Executive Officer ("CEO"). Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## **RELEVANT FACTS**

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny that "but for the actions of Salerno and his fellow Defendants, th[e] project likely would have succeeded in spades." By way of further answer, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint.

***After an Invitation To Invest, Salerno Drags His Feet and Forces Sport-BLX to Take His Investment.***

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit that De Perio transmitted certain diligence materials concerning Sport-BLX to Salerno in February 2019.

29.     Defendants admit that Salerno reviewed diligence materials concerning Sport-BLX that he received from De Perio.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint. By way of further answer, Paragraph 30 of the Complaint refers to "substantive email communication[s]", which are documents that speaks for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

31.     Paragraph 31 of the Complaint refers to a February 28, 2019 e-mail from Salerno, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

32.     Paragraph 32 of the Complaint purports to quote a February 28, 2019 e-mail from Salerno, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

33.     Paragraph 33 of the Complaint refers to and purports to summarize an e-mail response from Joseph De Perio ("De Perio"), which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

34.     Defendants admit that Cypress and Sport-BLX executed a "Stock Purchase Agreement" and a "Side Letter" agreement on or about February 28, 2019. By way of further answer, Paragraph 34 of the Complaint purports to summarize the "Stock Purchase Agreement" and the "Side Letter" agreement, which are documents that speaks for themselves and to which the Court is referred. Accordingly, the remaining allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

35.     Paragraph 35 of the Complaint purports to summarize the "Stock Purchase Agreement," which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint purports to quote a March 18, 2019 e-mail from De Perio, which is a document that speaks for itself and to which the Court is referred. Accordingly,

the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint, except admit that Salerno wired $1,000,000 to Sport-BLX on or around March 11, 2019.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

***Salerno Begins to Thwart the Sport-BLX Business Plan***

43.     Paragraph 43 of the Complaint purports to quote the First Amended Complaint filed by Cypress in the action entitled *Cypress Holdings, III, L.P. v. George Hall, et al.*, Civ. Action No. 22-cv-01243 (LGS), which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied. By way of further answer, Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.      Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.      Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.      Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.      Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.      Defendants deny the allegations contained in Paragraph 56 of the Complaint.

*Salerno Tanks FINRA Approval for the Initial Business Plan*

57.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.      Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.      Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.      Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.      Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.      Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint, except admit that Sport-BLX offered to buy Cypress' ownership interest in Sport-BLX.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants admit that Salerno did not accept Sport-BLX's offer to buy Cypress' ownership interest in Sport-BLX.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.      Defendant deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.      Defendants admit that Salerno did not accept Sport-BLX's offer to buy Cypress' ownership interest in Sport-BLX.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint purports to quote the First Amended Complaint filed by Cypress in the action entitled *Cypress Holdings, III, L.P. v. George Hall, et al.*, Civ. Action No. 22-cv-01243 (LGS), which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied. By way of further answer, Defendants deny the remaining allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint purports to quote and summarize the First Amended Complaint filed by Cypress in the action entitled *Cypress Holdings, III, L.P. v. George Hall, et al.*, Civ. Action No. 22-cv-01243 (LGS), which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied. By way of further answer, Defendants deny the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 102 of the Complaint.

*Salerno engages in other harassing conduct, and loses a Board election*

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint refers to and purports to quote e-mails sent by Salerno to Sport-BLX, which are documents that speak for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

107.    Paragraph 107 of the Complaint refers to a May 21, 2019 e-mail from Salerno to George Hall, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

108.    Paragraph 108 of the Complaint purports to summarize and quote a May 21, 2019 e-mail from Salerno to George Hall, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied. By way of further answer, Defendants deny the remaining allegations contained in Paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint purports to summarize a May 21, 2019 e-mail from Salerno to George Hall, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied. By way of further answer, Defendants deny the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint, except admit that Salerno, in his capacity as Director of Sport-BLX, requested books and records from Sport-BLX.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 117 of the Complaint, except admit that Hall and De Perio were contractually obligated to vote their shares at Sport-BLX's annual meeting in favor of keeping Salerno on the Board.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants admit that, at the annual meeting of Sport-BLX's Board on December 23, 2019, Salerno was not re-elected to the position of Director.

123.    Defendants admit the allegations contained in Paragraph 123 of the Complaint.

**Salerno intentionally tanks the value of the company**

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint.

137.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142.     Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.     Defendants deny the allegations contained in Paragraph 143 of the Complaint.

**FIRST CAUSE OF ACTION**
**Breach of Fiduciary Duty (Against Salerno)**

144.     Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 143 of the Complaint as if fully set forth at length herein.

145.     Paragraph 145 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.     Paragraph 146 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information

14

sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

**SECOND CAUSE OF ACTION**
**Tortious Interference with Prospective Economic Advantage**
**(Against All Defendants)**

156.    Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 155 of the Complaint as if fully set forth at length herein.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

## THIRD CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against Salerno, Cypress, and the Doe Owners)

161.     Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 160 of the Complaint as if fully set forth at length herein.

162.     Paragraph 162 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint.

163.     Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.     Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.     Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.     Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.     Defendants deny the allegations contained in Paragraph 167 of the Complaint, except admit that Salerno did not accept Sport-BLX's offer to buy Cypress' ownership interest in Sport-BLX.

168.     Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.     Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.     Defendants deny the allegations contained in Paragraph 170 of the Complaint.

## FOURTH CAUSE OF ACTION
### Aiding and Abetting Breaches of Fiduciary Duty
### (Against Cypress, the Doe Owners, and NPPG)

171.    Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 170 of the Complaint as if fully set forth at length herein.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

### PRAYER FOR RELIEF

Plaintiff's Prayer for Relief sets forth a demand for relief to which no response is required. To the extent that any response is required, Defendants deny that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times relevant hereto, Defendants acted in good faith and did not breach any duty – statutory, contractual, legal, equitable, or otherwise – allegedly owed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sustained by Plaintiff, if any, were not proximately caused by the actions and/or omissions of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sustained by Plaintiff, if any, were directly and proximately caused or contributed to, in whole or in part, by the acts, omissions, or conduct of a third-party individual(s) and/or entity(ies) over whom Defendants had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's contributory conduct, misconduct, recklessness, lack of due care, negligence, omission(s), and/or other culpable conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not complied with all applicable laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or other such applicable legal authority governing the time within which the claims asserted in the Complaint were required to be brought.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of release, waiver, ratification, estoppel, laches, acquiescence, consent, detrimental reliance and/or unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing or legal capacity to assert some or all of the causes of action set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to adequately allege demand futility with the requisite particularity, improperly conflates direct and derivative causes of action, and seeks to recover against improper parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has been damaged, which Defendants deny, Plaintiff's recovery is barred, in whole or in part, by reason of Plaintiff's failure to mitigate such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any purported damages sustained by Plaintiff are subject to Defendants' right of set-off and recoupment arising from the damages sustained by Defendants as a result of Plaintiff's improper and/or unlawful conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Article VIII of Sport-BLX's Certificate of Incorporation provides that Salerno may not be held personally liable to Sport-BLX or its shareholders for monetary damages for breach of fiduciary duties as a director to the fullest extent permitted by applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant NPPG are barred, in whole or in part, because NPPG has no relationship to Plaintiff and owed no duty – statutory, contractual, legal, equitable, or otherwise – to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer and Affirmative Defenses to assert additional defenses and/or to supplement, alter and/or change same upon the revelation of more definite facts during and/or upon completion of further discovery and investigation.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment against Plaintiff as follows:

a) Dismissing each and every claim for relief asserted against Defendants in the Complaint, with prejudice;

b) Awarding Defendants' costs and expenses, including attorneys' fees incurred in this action; and

c) Awarding such other and further relief as the Court may find just and proper.

## COUNTERCLAIM

Defendant/Counterclaimant Michael M. Salerno ("Salerno"), as and for his Counterclaim against Plaintiff/Counterclaim Defendant Sport-BLX, Inc. ("Sport-BLX"), alleges as follows:

## PARTIES

1. Defendant/Counterclaimant Salerno is a citizen of the State of New Jersey and the Managing Partner of Defendant Cypress Holdings, III. L.P ("Cypress"). He is also a former board member of Plaintiff/Counterclaim Defendant Sport-BLX and the Founder and Chief Executive Officer of Defendant Northeast Professional Planning Group, Inc. ("NPPG").

2.      Plaintiff/Counterclaim Defendant Sport-BLX is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 510 Madison Avenue, 9th Floor, New York, New York, 10022. Sport-BLX was created in 2018 for the stated purpose of using an alternative trading platform to monetize and trade sports-based assets.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon the diversity of the citizenship of the parties and the fact that the matter in controversy exceeds $75,000.00, exclusive of interests or costs. In addition, the Counterclaim set forth herein is substantially related to the claims asserted by Sport-BLX in its Complaint and jurisdiction is, therefore, proper pursuant to this Court's authority to hear claims based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1291 because a substantial part of the events giving rise to the claim set forth herein took place in this district.

## COUNT I
## (INDEMNIFICATION)

5.      Defendant/Counterclaimant Salerno repeats and realleges each preceding paragraph of this Counterclaim as if fully set forth herein.

6.      Article V, Section 2 of the Bylaws of Sport-BLX adopted on November 18, 2018 (the "Bylaws") provides, in relevant part:

> Subject to Section 3 of this Article V, the Corporation (a) shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving

21

at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, and (b) may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as an a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, in each case, against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation[.]

7.      On August 3, 2022, Sport-BLX filed a Verified Complaint against Salerno (and Defendants Cypress and NPPG) in the Supreme Court of the State of New York, County of New York, asserting claims of breach of fiduciary duty, tortious interference with prospective economic advantage, breach of the implied covenant of good faith and fair dealing, and aiding and abetting breaches of fiduciary duty. On September 22, 2022, Salerno, Cypress and NPPG filed a Notice of Removal pursuant to 28 U.S.C. § 1441 *et seq.* to remove this action to the United States District Court for the Southern District of New York. The claims against Salerno were asserted against him by reason of the fact that he was a former director of Sport-BLX.

8.      The claims against Salerno contained within Sport-BLX's Complaint are subject to the indemnification obligation of Article V, Section 2 of the Bylaws and Salerno is entitled to indemnification by Sport-BLX against these claims. At all relevant times, in his capacity as a Director of Sport-BLX, Salerno "acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of [Sport-BLX]."

9.      On November 18, 2022, counsel for Salerno sent a letter to counsel for Sport-BLX formally demanding that Sport-BLX fulfill its obligation to indemnify Salerno against all claims asserted against him in this action.

10.     On December 16, 2022, counsel for Sport-BLX responded to Salerno's November 18, 2022 letter denying Salerno's demand for indemnification and stating that "Salerno is not entitled to indemnification under the Bylaws." According to counsel for Sport-BLX, "Salerno acted neither 'in good faith' nor 'in a manner he reasonably believed to be in or not opposed to the best interest of' Sport-BLX."

11.     As a result of the foregoing, Salerno is entitled to indemnification from Sport-BLX pursuant to Article V, Section 2 of the Bylaws.

**WHEREFORE**, Defendant/Counterclaimant Salerno respectfully request that this Court enter judgment against Plaintiff/Counterclaim Defendant Sport-BLX as follows:

a)  Granting Defendant/Counterclaimant Salerno's counterclaim for indemnification from Sport-BLX in its entirety;

b)  Awarding Defendant/Counterclaimant Salerno's costs and expenses, including attorneys' fees incurred in the prosecution of this Counterclaim; and

c)  Awarding such other and further relief as the Court may find just and proper.

Dated: February 23, 2023

**CHIESA, SHAHINIAN & GIANTOMASI, P.C.**

By:     */s A. Ross Pearlson*
A. ROSS PEARLSON
11 Times Square, 34th Floor
New York, New York 10036
Tel.: (212) 973-0572
E-mail: rpearlson@csglaw.com

*Attorneys for Defendants Michael M. Salerno, Northeast Professional Planning Group, Inc., and Cypress Holdings, III, L.P.*

23