# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

―――

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 27, 2023

**BY ECF**
Hon. Lorna G. Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
<u>*Sport-BLX, Inc. v. Salerno*</u>, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

We represent Sport-BLX, Inc. ("Sport-BLX"), George Hall, Cesar Baez, Christopher Johnson, Clinton Group Inc. ("Clinton Group"), and Sport-BLX Securities, Inc. ("Sport-BLX Securities") (collectively, the "Sport-BLX Parties"). The Sport-BLX Parties recognize that your Honor today granted the Cypress Parties' requested 60-day extension of fact discovery in these actions. However, we write to address mischaracterizations by the Cypress Parties in their February 23, 2023 letter motion.

Rather than candidly acknowledge their own responsibility for discovery delays in this action—due, in part, to trial commitments of Cypress Parties' lead counsel—the Cypress Parties presented a self-serving and incomplete recitation of the status of discovery. Equally troubling is the failure of the Cypress Parties to meet and confer concerning their extension request, despite Sport-BLX's active effort to schedule a meet-and-confer concerning deposition scheduling on the very day that the Cypress Parties submitted their letter to your Honor.

1. The need for an extension stems largely from the Cypress Parties' conduct in this litigation. This dispute arose after Michael Salerno, the managing partner of Cypress, became unhappy with Cypress's $1 million investment in Sport-BLX. But instead of negotiating a reasonable purchase of Cypress's shares—which Sport-BLX offered to Cypress—Salerno and Cypress launched a campaign of lies, harassment, and false accusations against George Hall and Sport-BLX. That included baseless threats of litigation and repeated, harassing demands for Sport-BLX's books and records, all in the hope of wresting an excessive buyout from Sport-BLX. When those demands were not met, Salerno and Cypress intensified their bad-faith

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
February 27, 2023
Page 2

conduct, refusing to provide Sport-BLX with the identities of Cypress's owners (as required for Sport-BLX to obtain critical FINRA regulatory approval) and ultimately blocking the substantial progress that Sport-BLX's had made in its business.

When it became clear that the Cypress Parties could not coerce Sport-BLX into a payout, they resorted to groundless litigation. Cypress's initial Complaint, filed in January 2022, brought a slew of claims against several of the Sport-BLX Parties, alleging racketeering under federal and state law, securities fraud, and fraudulent inducement. *See* Compl., No. 1:22-cv-1243, ECF No. 2-1. None of those allegations have any merit—indeed, following a threatened Rule 11 motion for sanctions, Cypress swiftly dropped the racketeering claims.

2. Following the disqualification of Cypress's initial counsel due to a conflict of interest and the commencement of discovery, the Cypress Parties demanded that the Sport-BLX Parties undertake extensive, burdensome document production. Sport-BLX proposed a set of 14 narrowly tailored search terms; the Cypress Parties responded with a list of ***nearly 70*** additional terms. Many of those terms were so broad as to be functionally useless in discovery; applying them yielded roughly 40,000 additional documents for the Sport-BLX Parties to review. Still, in the interest of allowing discovery to proceed—and after weeks of pressing the Cypress Parties to take a more reasonable approach—Sport-BLX agreed to run many of those terms against their documents. As a result, Sport-BLX has had to devote considerable time and effort to reviewing an excessive number of documents, many of which have nothing to do with the claims at issue in these actions, and the resulting burden (if any) on the Cypress Parties is purely of their own design. To date, Sport-BLX has produced more than 23,000 documents, covering more than 167,000 pages, and its rolling document production is continuing. In sharp contrast, the Cypress Parties have produced only 632 documents, covering roughly 3,100 pages. Apart from the lack of proportionality, the Cypress Parties' production is grossly deficient. It will be the subject of a meet-and-confer request to the Cypress Parties in the near future and, if necessary, a further application to the Court.

3. The Cypress Parties have complicated discovery in several other significant respects. For example, Cypress's Second Amended Complaint—which Cypress waited ***months*** to file—added six new defendants to the Cypress action, and the Cypress Parties have now served extensive document requests on each of those defendants. *See Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS), ECF No. 78. As recently as two weeks ago, the Cypress Parties sought to set back discovery even further with a belated motion to dismiss the Sport-BLX action. *See Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 29. That, too, could have been addressed months ago. Such gamesmanship has served no purpose other than prolonging resolution of these actions and miring the parties in unnecessary costs.

4. Notwithstanding the Cypress Parties' discovery deficiencies, the limited information revealed to date in discovery confirms that Salerno made materially false and

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
February 27, 2023
Page 3

misleading statements and omissions—notably, concerning who actually owned Cypress, the limited partnership controlled by Salerno—in connection with Cypress's acquisition of Sport-BLX stock.  While extensively negotiating Cypress's investment, Salerno told Sport-BLX for weeks that he was investing in Sport-BLX individually but then abruptly, literally minutes before signing a stock purchase agreement, substituted in Cypress as the buyer, describing it as "my holding company."  In truth, Cypress had *18 separate investors*—including a convicted felon, multiple corporate entities, and several plaintiffs in an ongoing investment-related lawsuit in New York state court.  Salerno disclosed none of this to Sport-BLX and, in fact, made false and misleading statements and omissions designed to conceal this material information, including months later when he refused to identify Cypress's limited partners for Sport-BLX's FINRA application, purportedly to protect his "estate plan."  Obviously, had Sport-BLX known the truth about Cypress, it never would have sold securities to it.  Based on this information, Sport-BLX anticipates filing this week an Amended Complaint in its action against Cypress and Salerno to assert securities and state law fraud claims based on this pattern of fraudulent conduct.

      We are mindful of your Honor's prior order denying our earlier request to amend following the Cypress Parties' untimely request for leave to move to dismiss.  With your Honor's denial of leave to move to dismiss, we understand that your Honor did not deem an amendment to be necessary.  At this juncture, however, substantial evidence supports an Amended Complaint that asserts new claims for common-law fraud and violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  Because the Cypress Parties answered the Complaint on February 23, 2023, Rule 15(a)(1)(B) entitles Sport-BLX to amend the Complaint to add these claims as a matter of right.

      The Amended Complaint will not prejudice the Cypress Parties, as the Section 10(b) and common-law fraud claims arise out of the very same transactions at issue in both pending cases and therefore will not necessitate additional discovery.  Moreover, the Amended Complaint is based on critical information about the ownership of Cypress which the Cypress Parties refused to produce in this case for more than eight weeks on the basis of misleading arguments to the effect that the information was irrelevant, and that Sport-BLX seeking the information amounted to harassment.  *See Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF Nos. 27 and 28.[1]

      Respectfully submitted,

      /s/ *Jonathan S. Sack*

      Jonathan S. Sack

---

[1]  The Cypress Parties' discovery deficiencies continue:  they now implausibly claim that they have no documents reflecting communications with the Cypress limited partners concerning Cypress's investment in Sport-BLX, which began in early 2019 and continues to this day.

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
February 27, 2023
Page 4


cc: Counsel of record (by ECF)