**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPORT-BLX, INC., individually and derivatively on behalf of its shareholders,<br><br>                Plaintiff,<br><br>    -against-<br><br>MICHAEL M. SALERNO and CYPRESS HOLDINGS, III, L.P.,<br><br>                Defendants. | Civil Action No. 1:22-cv-08111 (LGS)<br><br>Hon. Lorna G. Schofield<br><br>**DEFENDANTS MICHAEL M. SALERNO'S AND CYPRESS HOLDINGS, III, L.P.'S ANSWER TO PLAINTIFF SPORT-BLX, INC.'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendants Michael M. Salerno ("Salerno") and Cypress Holdings, III, L.P., ("Cypress") (collectively, "Defendants"), by and through their attorneys, Chiesa Shahinian & Giantomasi PC, answer the Amended Complaint ("Amended Complaint") filed by Plaintiff Sport-BLX, Inc. ("Plaintiff" or "Sport-BLX"), individually and derivatively on behalf of its shareholders, as follows:

**OVERVIEW[1]**

1.     Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint, except admit that Sport-BLX asserts claims seeking damages from Salerno and Cypress.

2.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

---

[1] Defendants use the headings in Plaintiff's Amended Complaint for the convenience of the reader, and no admission of any fact or assertion is made or implied thereby. To the extent that the headings purport to make a factual allegation, the allegation is expressly denied.

3.      Defendants admit that Salerno is the Managing Partner of Cypress, that Cypress made a $1,000,000 investment in Sport-BLX in February 2019, and that Salerno became a member of Sport-BLX's Board of Directors.

4.      Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint, except admit that Cypress has 18 limited partners whose identities were disclosed to Sport-BLX on February 3, 2023 pursuant to Court Order dated January 26, 2023 (ECF No. 28).

5.      Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint, except admit that Salerno, in his capacity as a Director of Sport-BLX, requested books and records from Sport-BLX.

6.      Defendants deny that Salerno asked for a buyout of Cypress' shares in Sport-BLX or proposed a buyout of $2 million for Cypress' shares. By way of further answer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint, except admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners.

9.      Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint, except admit that Salerno, in his capacity as a Director of Sport-BLX, requested books and records from Sport-BLX.

10.      Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint, except admit that Cypress filed a lawsuit against Sport-BLX, GlassBridge

Enterprises, Inc. ("GlassBridge"), George Hall ("Hall") and Joseph De Perio ("De Perio") in the Supreme Court of the State of New York , County of New York, on January 11, 2022.

11.     Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint, except admit that Sport-BLX purports to bring this action, in part, based on allegations that Salerno and Cypress provided materially false and misleading statements and omissions to Sport-BLX.

## JURISDICTION AND VENUE

12.     Defendants admit that Salerno is a citizen of the State of New Jersey and that Cypress is a Delaware limited partnership whose general and limited partners are all citizens of the State of New Jersey. By way of further answer, Paragraph 12 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 12 of the Amended Complaint that "[t]his Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     Paragraph 13 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Paragraph 14 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

**THE PARTIES**

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint, except admit that Cypress is a Delaware limited partnership with its principal place of business located at 494 Sycamore Avenue, Shrewsbury, New Jersey 07702.

17.     Defendants admit the allegations contained in Paragraph 17 of the Amended Complaint.

**FACTUAL ALLEGATIONS**

I.     **Sport-BLX's Development**

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint. By way of further answer, Paragraph 19 of the Amended Complaint purports to quote an Investor Bulletin from the U.S. Securities and Exchange Commission ("SEC") and an opinion from the United States District Court for the Southern District of New York, which are documents that speak for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

## II.     Cypress Purchases Sport-BLX Stock

22.     Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants admit that Salerno received and reviewed certain information regarding Sport-BLX prior to Cypress' investment in Sport-BLX.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants admit that Cypress agreed to invest $1 million in Sport-BLX ($500,000 worth of Sport-BLX stock at the first-round company valuation of $9.5 million and another $500,000 of Sport-BLX stock at the second-round valuation of $25 million), and that Sport-BLX agreed to that purchase. Defendants deny the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27.     Paragraph 27 of the Amended Complaint purports to summarize two Common Stock Purchase Agreements and a Side Letter agreement executed between Cypress and Sport-BLX on or about February 28, 2019 (collectively, the "Investment Agreements"), which are documents that speak for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

28.    Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint, except admit that Cypress is defined as the "Purchaser" in the two Common Stock Purchase Agreements executed between Cypress and Sport-BLX on or about February 28, 2019. By way of further answer, Paragraph 29 of the Amended Complaint purports to summarize and quote a February 28, 2019 e-mail from Salerno to Sport-BLX, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing and quoting the February 28, 2019 e-mail from Salerno to Sport-BLX are neither confirmed nor denied. To the extent that any response is required, those allegations are denied.

30.    Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint, except admit that Cypress is defined as "Salerno" in the Side Letter agreement executed between Cypress and Sport-BLX on or about February 28, 2019. By way of further answer, Paragraph 30 of the Amended Complaint purports to summarize the Side Letter agreement, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing the Side Letter agreement are neither confirmed nor denied. To the extent that any response is required, those allegations are denied.

31.    Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint, except admit that several of Cypress' limited partners were plaintiffs in a wholly unrelated action entitled *Brinker-Cohen Family Trust, et al. v. Ebury Fund I, LP, et al.*, Index No. 50611/2019, which was filed in the Supreme Court of the State of New York, County of Westchester on January 9, 2019 (the "Westchester Action"). By way of further answer, Paragraph 31 of the Amended Complaint purports to summarize the Verified Complaint in the

Westchester Action, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing the Verified Complaint in the Westchester Action are neither confirmed nor denied. To the extent that any response is required, those allegations are denied.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint, except admit that Sport-BLX asked Salerno to disclose the identities of Cypress' limited partners to Sport-BLX, that Salerno refused to provide the identities of Cypress' limited partners directly to Sport-BLX, and that the identities of Cypress' limited partners were disclosed to Sport-BLX on February 3, 2023 pursuant to Court Order dated January 26, 2023 (ECF No. 28).

## III.    Salerno and Cypress Make an Outrageous Buyout Demand in an Attempt to Extract Sport-BLX Capital for Themselves

33.     Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint, except admit that Cypress wired $1,000,000 to Sport-BLX on or around March 11, 2019.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint, except admit that Salerno asked certain questions of Sport-BLX, that Salerno, in his capacity as a Director, requested information and books and records from Sport-BLX, and that Salerno received and reviewed certain information regarding Sport-BLX prior to Cypress' investment in Sport-BLX.

40.     Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint. By way of further answer, Paragraph 41 of the Amended Complaint purports to summarize a May 29, 2019 e-mail from Salerno to Sport-BLX, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegation in this paragraph summarizing the May 29, 2019 e-mail from Salerno to Sport-BLX is neither confirmed nor denied. To the extent that any response is required, the allegation is denied.

42.     Defendants deny that Salerno and Cypress made a $2 million buyout demand to Sport-BLX. By way of further answer, Paragraph 42 of the Amended Complaint purports to summarize a May 29, 2019 e-mail from Sport-BLX to Salerno, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing the May 29, 2019 e-mail from Sport-BLX to Salerno are neither confirmed nor denied. To the extent that any response is required, the allegations are denied. By way of further answer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint.

**IV.    Salerno's and Cypress' Pattern of Threats, Harassment, and False Accusations in an Effort to Damage Sport-BLX and Destroy its Value**

**A.    June and July 2019: Salerno and Cypress Harass Sport-BLX with Frivolous Threats of Litigation**

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Paragraph 45 of the Amended Complaint purports to summarize a June 10, 2019 letter from Cypress' and Salerno's counsel to Sport-BLX (the "June 2019 Letter"), which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing the June 2019 Letter are neither confirmed nor denied. To the extent that any response is required, the allegations are denied. By way of further answer, Paragraph 45 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Amended Complaint.

46.     Paragraph 46 of the Amended Complaint purports to summarize and quote the June 2019 Letter, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing and quoting the June 2019 Letter are neither confirmed nor denied. To the extent that any response is required, the allegations are denied. By way of further answer, Defendant deny the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.     Paragraph 47 of the Amended Complaint purports to summarize and quote the June 2019 Letter, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

48.     Defendants deny that the potential claims set forth in the June 2019 Letter were "false" and that "Sport-BLX's allocations of office-space and operating expenses were reasonable and justified[.]" By way of further answer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint. By way of further answer, Paragraph 51 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint. By way of further answer, Paragraph 52 of the Amended Complaint purports to summarize and quote a July 28, 2019 e-mail from Salerno to Hall, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

**B.    August and September 2019: Salerno and Cypress Refuse to Disclose Cypress's Ownership and Ruin Sport-BLX's Original Business Plan**

53.    Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Defendants admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners. By way of further answer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint, except admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners. By way of further answer, Paragraph 57 of the Amended Complaint purports to summarize and quote an August 5, 2019 e-mail from De Perio to Salerno, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing and quoting the August 5, 2019 e-mail from De Perio to Salerno are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

58.    Defendants admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners. By way of further answer, Paragraph 58 of the Amended Complaint purports to summarize and quote August 8, 2019 and August 9, 2019 e-mails from De Perio to Salerno, which are documents that speaks for themselves and to which the Court is referred.

Accordingly, the allegations in this paragraph summarizing and quoting the August 8, 2019 and August 9, 2019 e-mails from De Perio to Salerno are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint, except admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners. By way of further answer, Paragraph 59 of the Amended Complaint purports to summarize and quote an August 9, 2019 e-mail exchange between Hall and Salerno, which are documents that speaks for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing and quoting the August 9, 2019 e-mail exchange between Hall and Salerno are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

60.     Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint. By way of further answer, Paragraph 61 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint, except admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners. By way of further answer, Paragraph 63 of the Amended Complaint purports to summarize and quote an August 16, 2019 e-mail from Salerno to Hall, which is a

document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph summarizing and quoting the August 16, 2019 e-mail from Salerno to Hall are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

64.     Paragraph 64 of the Amended Complaint purports to quote the minutes from a September 10, 2019 meeting of Sport-BLX's Board, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

65.     Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint, except admit that Salerno refused to provide Sport-BLX with the identities of Cypress' limited partners.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint. By way of further answer, Paragraph 66 of the Amended Complaint purports to quote the minutes from a September 10, 2019 meeting of Sport-BLX's Board, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegations are denied. By way of further answer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint, except admit that Salerno refused to provide the identities of Cypress' limited partners directly to Sport-BLX and that the identities of Cypress' limited partners were disclosed to Sport-BLX on February 3, 2023 pursuant to Court Order dated January 26, 2023 (ECF No.

28). By way of further answer, Paragraph 67 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

### C. November 2019 to October 2021: Salerno Makes Demands and Knowingly Brings False Accusations Against Hall

68.    Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint, except admit that Salerno, in his capacity as a Director of Sport-BLX, requested books and records from Sport-BLX.

70.    Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint, except admit that, at the annual meeting of Sport-BLX's Board on December 23, 2019, Salerno was not re-elected to the position of Director.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint.

75.    Defendants deny that Salerno and Cypress "exercis[ed] negative control over the company by refusing to disclose Cypress's ownership." By way of further answer, Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint. By way of further answer, Paragraph 79 of the Amended Complaint purports to summarize and quote an October 18, 2021 e-mail from Salerno to Hall, which is a document that speaks for itself and to which the Court is referred. Accordingly, the allegations in this paragraph are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint, except admit that Sport-BLX asked Salerno to produce evidence for his accusation that Hall was "si[phoning] money out of" Sport-BLX.

83.     Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint, except admit that Cypress filed an action entitled *Cypress Holdings, III, L.P. v. Hall, et al.*, Index No. 650179/2022, in the Supreme Court of the State of New York, County of New York on January 11, 2022, which was removed to the United States District Court for the Southern District of New York by Defendants Sport-BLX, GlassBridge, Hall and De Perio on February 14, 2022. *See Cypress Holdings, III, L.P. v. Hall, et al.*, Civ. Action No. 1:22-cv-01243 (LGS) (ECF No. 2) (the "Cypress Action").  By way of further answer, Paragraph 86 of the Amended Complaint purports to summarize the Complaint and Second Amended Complaint in the Cypress Action, which are documents that speak for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph purporting to summarize the Complaint and Second Amended Complaint in the Cypress Action are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint, except admit that Salerno sent copies of Cypress' Complaint to other shareholders of Sport-BLX. By way of further answer, Paragraph 87 of the Amended Complaint purports to summarize and quote the Complaint and First Amended Complaint in the Cypress Action, which are documents that speak for themselves and to which the Court is referred. Accordingly, the allegations in this paragraph purporting to summarize and quote the Complaint and First

Amended Complaint in the Cypress Action are neither confirmed nor denied. To the extent that any response is required, the allegations are denied.

**FIRST CAUSE OF ACTION**
**Violation of Section 10(b) of the Securities Exchange Act of 1934**
**and Rule 10b-5 (17 C.F.R. § 240.10b-5)**
**(against Salerno and Cypress)**

88.     Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 87 of the Amended Complaint as if fully set forth at length herein.

89.     Paragraph 89 of the Amended Complaint purports to quote 17 C.F.R. § 240.10b-5, which is a statute that speaks for itself and to which the Court is referred. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Paragraph 90 of the Amended Complaint purports to quote *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014), a U.S. Supreme Court opinion that speaks for itself and to which the Court is referred. By way of further answer, Paragraph 90 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendants admit that, as Managing Partner of Cypress, Salerno knew the identities of Cypress' limited partners. Defendants deny the remaining allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 95 of the Amended Complaint that "Sport-BLX relied on Salerno to make truthful representations about Cypress." Defendants deny the remaining allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

<u>**SECOND CAUSE OF ACTION**</u>
**Fraud**
**(against Salerno)**

97.     Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 96 of the Amended Complaint as if fully set forth at length herein.

98.     Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Defendants admit that, as Managing Partner of Cypress, Salerno knew the identities of Cypress' limited partners. Defendants deny the remaining allegations contained in Paragraph 99 of the Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 101 of the Amended Complaint that "Sport-BLX relied on Salerno to make truthful representations about Cypress." Defendants deny the remaining allegations contained in Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

**THIRD CAUSE OF ACTION**
**Breach of Fiduciary Duty**
**(against Salerno and Cypress)**

104.    Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 103 of the Amended Complaint as if fully set forth at length herein.

105.    Paragraph 105 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Paragraph 108 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 108 of the Amended Complaint that "Cypress owed fiduciary duties to Sport-BLX as its shareholder." By way of further answer, Defendants deny the remaining allegations contained in Paragraph 108 of the Amended Complaint.

109.     Paragraph 109 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.     Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

**FOURTH CAUSE OF ACTION**
**Tortious Interference with Prospective Economic Advantage**
**(against Salerno and Cypress)**

113.     Defendants repeat and reallege each of the foregoing admissions and denials in response to the allegations contained in Paragraphs 1 to 112 of the Amended Complaint as if fully set forth at length herein.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Amended Complaint.

115.     Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief sets forth a demand for relief to which no response is required. To the extent that any response is required, Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times relevant hereto, Defendants acted in good faith and did not breach any duty – statutory, contractual, legal, equitable, or otherwise – allegedly owed to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sustained by Plaintiff, if any, were not proximately caused by the actions and/or omissions of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages sustained by Plaintiff, if any, were directly and proximately caused or contributed to, in whole or in part, by

the acts, omissions, or conduct of a third-party individual(s) and/or entity(ies) over whom Defendants had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's contributory conduct, misconduct, recklessness, lack of due care, negligence, omission(s), and/or other culpable conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not complied with all applicable laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or other such applicable legal authority governing the time within which the claims asserted in the Amended Complaint were required to be brought.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of release, waiver, ratification, estoppel, laches, acquiescence, consent, detrimental reliance and/or unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing or legal capacity to assert some or all of the causes of action set forth in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to adequately allege demand futility with the requisite particularity, improperly conflates direct and derivative causes of action, and seeks to recover against improper parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has been damaged, which Defendants deny, Plaintiff's recovery is barred, in whole or in part, by reason of Plaintiff's failure to mitigate such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any purported damages sustained by Plaintiff are subject to Defendants' right of set-off and recoupment arising from the damages sustained by Defendants as a result of Plaintiff's improper and/or unlawful conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Article VIII of Sport-BLX's Certificate of Incorporation provides that Salerno may not be held personally liable to Sport-BLX or its shareholders for monetary damages for breach of fiduciary duties as a director to the fullest extent permitted by applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of fiduciary duty claim against Defendant Cypress is barred, in whole or in part, because Cypress does not owe a fiduciary duty to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer and Affirmative Defenses to assert additional defenses and/or to supplement, alter and/or change same upon the revelation of more definite facts during and/or upon completion of further discovery and investigation.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment against Plaintiff as follows:

a)  Dismissing each and every claim for relief asserted against Defendants in the Amended Complaint, with prejudice;

b)  Awarding Defendants' costs and expenses, including attorneys' fees incurred in this action; and

c)  Awarding such other and further relief as the Court may find just and proper.

## COUNTERCLAIM

Defendant/Counterclaimant Michael M. Salerno ("Salerno"), as and for his Counterclaim against Plaintiff/Counterclaim Defendant Sport-BLX, Inc. ("Sport-BLX"), alleges as follows:

## PARTIES

1.       Defendant/Counterclaimant Salerno is a citizen of the State of New Jersey and the Managing Partner of Defendant Cypress Holdings, III. L.P ("Cypress"). He is also a former board member of Plaintiff/Counterclaim Defendant Sport-BLX.

2.       Plaintiff/Counterclaim Defendant Sport-BLX is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 510 Madison Avenue, 9th Floor, New York, New York, 10022. Sport-BLX was created in 2018 for the stated purpose of using an alternative trading platform to monetize and trade sports-based assets.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon the diversity of the citizenship of the parties and the fact that the matter in controversy exceeds $75,000.00, exclusive of interests or costs. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Sport-BLX's claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 (17 C.F.R. § 240.10b-5) arises under the laws of the United States. In addition, the Counterclaim set forth herein is substantially related to the claims asserted by Sport-BLX in its Amended Complaint and jurisdiction is, therefore, proper pursuant to this Court's authority to hear claims based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this District.

## COUNT I
## (INDEMNIFICATION)

5.      Defendant/Counterclaimant Salerno repeats and realleges each preceding paragraph of this Counterclaim as if fully set forth herein.

6.      Article V, Section 2 of the Bylaws of Sport-BLX adopted on November 18, 2018 (the "Bylaws") provides, in relevant part:

> Subject to Section 3 of this Article V, the Corporation (a) shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, and (b) may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action

or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as an a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, in each case, against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation[.]

7.      On August 3, 2022, Sport-BLX filed a Verified Complaint against Salerno and Cypress (and former Defendant Northeast Professional Planning Group, Inc. ("NPPG")) in the Supreme Court of the State of New York, County of New York, asserting claims of breach of fiduciary duty, tortious interference with prospective economic advantage, breach of the implied covenant of good faith and fair dealing, and aiding and abetting breaches of fiduciary duty. On September 22, 2022, Salerno, Cypress and NPPG filed a Notice of Removal pursuant to 28 U.S.C. § 1441 *et seq.* to remove this action to the United States District Court for the Southern District of New York.

8.      On March 1, 2023, Sport-BLX filed an Amended Complaint against Salerno and Cypress asserting claims of violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 (17 C.F.R. § 210.10b-5), fraud, breach of fiduciary duty, and tortious interference with prospective economic advantage. The claims against Salerno are asserted against him, in part, by reason of the fact that he is a former director of Sport-BLX.

9.      The claims against Salerno contained within Sport-BLX's Amended Complaint are subject to the indemnification obligation of Article V, Section 2 of the Bylaws and Salerno is entitled to indemnification by Sport-BLX against these claims. At all relevant times, in his capacity as a Director of Sport-BLX, Salerno "acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of [Sport-BLX]."

10.     On November 18, 2022, counsel for Salerno sent a letter to counsel for Sport-BLX formally demanding that Sport-BLX fulfill its obligation to indemnify Salerno against all claims asserted against him in this action.

11.     On December 16, 2022, counsel for Sport-BLX responded to Salerno's November 18, 2022 letter denying Salerno's demand for indemnification and stating that "Salerno is not entitled to indemnification under the Bylaws." According to counsel for Sport-BLX, "Salerno acted neither 'in good faith' nor 'in a manner he reasonably believed to be in or not opposed to the best interest of' Sport-BLX."

12.     As a result of the foregoing, Salerno is entitled to indemnification from Sport-BLX pursuant to Article V, Section 2 of the Bylaws.

**WHEREFORE**, Defendant/Counterclaimant Salerno respectfully request that this Court enter judgment against Plaintiff/Counterclaim Defendant Sport-BLX as follows:

a)  Granting Defendant/Counterclaimant Salerno's counterclaim for indemnification from Sport-BLX in its entirety;

b)  Awarding Defendant/Counterclaimant Salerno's costs and expenses, including attorneys' fees incurred in the prosecution of this Counterclaim; and

c)  Awarding such other and further relief as the Court may find just and proper.

Dated: March 15, 2023

CHIESA, SHAHINIAN & GIANTOMASI, P.C.

By:  /s A. Ross Pearlson

A. ROSS PEARLSON
11 Times Square, 34th Floor
New York, New York 10036
Tel.: (212) 973-0572
E-mail: rpearlson@csglaw.com

*Attorneys for Defendants Michael M. Salerno and Cypress Holdings, III, L.P.*