

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100      F  973.325.1501

June 2, 2023

<u>By Electronic Filing on Both Dockets</u>

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: ***Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 1:22-cv-01243 (LGS)**
      ***Sport-BLX, Inc. v. Salerno, et al.*, Docket No. 1:22-cv-08111 (LGS)**

Dear Judge Schofield,

  This firm represents Plaintiff Cypress Holdings, III, L.P. ("Cypress") in the action entitled *Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 1:22-cv-01243 (LGS) (the "Cypress Action"). This firm also represents Defendants Michael M. Salerno ("Salerno") and Cypress (collectively, the "Cypress Parties") in the related action entitled *Sport-BLX, Inc. v. Salerno, et al.*, Docket No. 1:22-cv-08111 (LGS) (the "Sport-BLX Action," together with the Cypress Action, the "Actions"). The Cypress Parties respectfully submit this letter in support of the pre-motion letter submitted by Cypress' former counsel, Fox Rothschild LLP ("Fox Rothschild"), dated May 25, 2023, wherein Fox Rothschild sought leave to file a motion to quash the overly broad subpoena dated May 5, 2023 (the "Subpoena") served on it by Defendants Sport-BLX, Inc. ("Sport-BLX") and George Hall ("Hall") (collectively, the "Sport-BLX Parties) (Cypress Action, ECF No. 108). As set forth in the pre-motion letter, the Subpoena not only seeks a slew of irrelevant information, but communications between Fox Rothschild and the Cypress Parties, and/or information relating to its representation of Cypress, that is clearly protected by the attorney-client privilege and/or work product doctrine. The Sport-BLX Parties' blatant attempt to circumvent these protections—which go to the very heart of Fox Rothschild's relationship with its former client—should be rejected, and the Subpoena quashed.

  As the Court is aware, by Order dated August 23, 2022, Your Honor disqualified Fox Rothschild from continuing to serve as counsel to Cypress in the Cypress Action base on its prior representation of Defendant GlassBridge Enterprises, Inc. ("GlassBridge") in a wholly unrelated matter (Cypress Action, ECF No. 46). Even though, as pointed out in Fox Rothschild's pre-motion letter, the firm's only role in the Cypress Action was as counsel to Cypress, Sport-BLX chose to depose Cypress' former counsel, Marc Gross, Esq., for five (5) hours on wholly irrelevant matters having nothing to do with the Actions. Indeed, one of the main focuses of Mr. Gross' deposition was Fox Rothschild's conflict, its discovery and the procedures for clearing the same. Again, these are

Page 2

matters that have been resolved by the Court and have nothing to do with the claims or defenses asserted in the Actions.

Counsel for the Sport-BLX Parties also made numerous attempts to delve into the communications between Fox Rothschild and Cypress concerning the Cypress Action (and others), which resulted in numerous objections by the Cypress Parties' counsel and directions to the witness to not answer the question. Undaunted, two (2), days later, the Sport-BLX Parties served the Subpoena, seeking much of the same information that had been the proper subject of the Cypress Parties' objections at the deposition. For example, Request No. 1 of the Subpoena seeks "[a]ll time records and billing records reflecting any work performed by [Fox Rothschild], whether billed or unbilled, for Cypress and/or Salerno in connection with any matter concerning Sport-BLX or Hall." Obviously, these time and billing records will reflect Fox Rothschild's thoughts, impressions, and strategy for the Cypress Action, as well as the tasks performed and communications with Cypress, its client, concerning the implementation of that strategy. As such, the requested documents are clearly privileged and not subject to disclosure. *See Diversified Grp., Inc. v. Daugerdas*, 304 F.Supp.2d 507, 515 (S.D.N.Y. 2003) (citing *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, . . . fall within the privilege.").

Requests Nos. 4 and 5 are also objectionable to the extent they purport to request communications between Fox Rothschild and Cypress concerning the firm's decision to discontinue and/or resume its relationship with respect to "Cypress and/or Salerno" in the Cypress Action. However, the Sport-BLX Parties' attempt to pierce through the attorney-client relationship between Fox Rothschild and Cypress are not limited to this matter. Rather inexplicably, the Sport-BLX Parties seem to believe they are entitled to materials concerning ***other matters*** that Fox Rothschild may have handled on the Cypress Parties' behalf, including communications, new business memoranda, engagement letters and other materials that are not only privileged, but irrelevant to the issues before the Court. *See* Subpoena Request No. 3 (requesting "[f]or all matters concerning Sport-BLX in which [Fox Rothschild] represented Cypress and/or Salerno, all documents and communications concerning the initiation of [Fox Rothschild's] representation of that matter, including, but not limited to, new business memoranda, conflicts checks, account opening agreements, and/or engagement letters.") Such requests can only have been interposed to harass the firm and Cypress, its former client.

In sum, there is no legitimate basis, and the Sport-BLX Parties cannot offer one, for the wholesale and unwarranted intrusion into the relationship between Cypress and its former counsel. For the reasons set forth above, the Cypress Parties join in Fox Rothschild's effort to protect its privileged communications and the Subpoena should be quashed.

Page 3

        Respectfully submitted,

        */s/ A. Ross Pearlson*_____
        A. Ross Pearlson
        Member

cc: All Counsel of Record (*via ECF*)