# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
——
WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND
——
COUNSEL
JASMINE JUTEAU
——
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

June 2, 2023

**BY ECF**
Hon. Lorna G. Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
    *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

  We represent Sport-BLX, Inc. and George Hall (collectively, "Sport-BLX") in the above-referenced actions. We write in opposition to the pre-motion conference letter of Fox Rothschild LLP ("Fox"), dated May 25, 2023, filed in anticipation of Fox's motion to quash a subpoena duces tecum (the "Subpoena") for documents relating to Fox's representation of Cypress Holdings, III, L.P. ("Cypress") and Michael Salerno.

  For the reasons set forth below, Fox's anticipated motion should be denied because the information the Subpoena seeks is central to Sport-BLX's claims and defenses and not protected by the attorney-client privilege or work product doctrine. At the outset, we note that Fox's letter was filed without any effort to meet and confer with us, in contravention of Your Honor's rules.

  **I.** **Relevant Background**

  On August 23, 2022, this Court disqualified Fox from representing Cypress in this litigation due to its involvement in a "substantially related" matter for Sport-BLX's co-defendant, GlassBridge Enterprises, Inc. ("GlassBridge"). *Cypress Holdings, III, LP v. Sport-BLX, Inc.*, No. 22 CIV. 1243 (LGS), 2022 WL 4239937, at *3 (S.D.N.Y. Aug. 23, 2022). Central to the Court's decision were the actions of Fox's partner, Marc Gross. As discussed in the Court's opinion, Gross sent a demand letter to Sport-BLX on June 10, 2019 on behalf of Cypress and Salerno, asserting claims that would later appear in Cypress' complaint in this litigation, *while Fox was simultaneously representing GlassBridge in a substantially related matter*. *See id.* at *2. Once this conflict of interest was raised with Fox on July 10, Fox—

Hon. Lorna G. Schofield
June 2, 2023
Page 2

apparently recognizing its unethical conduct—swiftly alerted Sport-BLX on July 11 that Fox was withdrawing from representing Cypress against Sport-BLX.  *See id.*

Unfortunately, Gross's involvement appears not to have ended on July 11.  Over the next two months, Gross was copied on several antagonistic emails sent by Salerno to Sport-BLX.  *See id*.  Gross's inclusion on these emails was not inadvertent; rather, it was a transparent attempt by Salerno to intimidate Sport-BLX and create the impression that his emails were formulated on the basis of Gross's advice, and had the imprimatur of Gross as counsel.  Moreover, these emails coincided with Salerno's statement at an August 2019 board meeting that he was engaged in "ongoing consultation with . . . counsel," suggesting that Gross was actively advising Salerno during this period despite Fox's and Gross's prior withdrawal.

In August 2019, Salerno informed Hall by email that he would not provide Sport-BLX with Cypress' ownership information for Sport-BLX's broker-dealer application to FINRA; Salerno went so far as to say in one email (copying Gross) that Sport-BLX did "not have a right to" the information.[1]  Because Sports-BLX was obligated to obtain and provide the ownership information to get a broker-dealer license, and thus make commissions from sales, Salerno's refusal violated his duties as director and Cypress' duties as shareholder, and was a fatal blow to Sport-BLX's original business plan—a central issue in this litigation.  *See* Am. Compl. ¶62, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 40.  Unbeknownst to Sport-BLX, Salerno's refusal was not motivated by a legitimate business purpose, but instead Salerno's desire to cover up his previous misrepresentation (earlier in 2019) that Cypress was his personal "holding company."  In truth, Cypress was made up of 18 limited partners, including a felon, multiple corporate entities, and several plaintiffs in an ongoing investment-related lawsuit in New York state court, none of which was known to Sport-BLX prior to Cypress' investment.[2]  *See id.* ¶4.  By copying Gross on correspondence, Salerno sought to convey that his position—that Sport-BLX did "not have a right" to Cypress' ownership information—was based on Gross's advice as counsel.

II.     **The Subpoena Seeks Relevant Information That Is Not Privileged**

Under Rule 26, a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Contrary to Fox's suggestion, Rule 26 is extremely broad, and the term "relevant" has been construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

---

[1] Although Salerno indicated that he would provide FINRA with the information directly, the identities of Cypress' owners were never disclosed to FINRA and, in fact, were not disclosed at all until this Court ordered their disclosure.  *See* Order of Jan. 26, 2023, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 28.

[2] During discussions in August 2019 regarding the FINRA registration with Sport-BLX, Salerno took his earlier misrepresentation a step further by falsely saying that he did not want to provide the information because it would reveal his "estate plan."  *See* Am. Compl. ¶8, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 40.

Hon. Lorna G. Schofield
June 2, 2023
Page 3

340, 351 (1978); *accord Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) ("the scope of discovery under Fed. R. Civ. P. 26(b) is very broad").

  Here, the discovery Sport-BLX seeks is plainly relevant to its claims and defenses in this case. Between July and September 2019, Salerno used Gross as a tool of intimidation, copying him on a series of hostile and confrontational emails, including, perhaps, the most critical communication to Sport-BLX's claims in its amended complaint: Salerno's refusal to provide Cypress' ownership information for Sport-BLX's broker-dealer application to FINRA. How this was able to happen despite Fox, a major law firm, explicitly withdrawing on July 11, 2019 is bewildering, and is a fair subject of discovery. Sport-BLX is entitled to know, among other things: When and how did Fox communicate its withdrawal to Salerno? Did Salerno know that he was not represented by Gross when he included Gross on his emails? Was any work done for Salerno by Fox after the July 11 withdrawal? And what, if anything, did Gross or Fox communicate to Salerno to ensure he stopped copying Gross? If Salerno continued to copy Gross despite being asked to stop, that would shed light on Salerno's truthfulness and integrity, would be useful at trial, and is evidence to which Sport-BLX is entitled.

  It bears noting that Sport-BLX attempted to elicit answers to many of these questions during a May 3, 2023 deposition of Marc Gross, with Gross typically responding with vague responses or by saying he did not know, or with single word answers such as "maybe" and "perhaps." Gross indicated he did not know, or said "maybe" or "perhaps," well over 100 times. Gross provided these responses for all types of questions, thus necessitating our request for production of time records, certain email communications, and Fox's procedures for engagement letters, conflict checks and client disengagement. Contrary to Fox's assertion, the Subpoena is not an attempt to "double[ ] down" on Sport-BLX's efforts to harass Fox, but simply an effort to obtain basic information that Sport-BLX is entitled to and was denied during Gross's deposition.

  Finally, communications concerning Sport-BLX between Gross and Salerno between July 11, 2019 (when Fox withdrew from representing Cypress and Salerno) and November 2021 (when the GlassBridge representation terminated) would not be privileged. Indeed, Gross's counsel admitted as much during the deposition.[3] Nor is there any work product protection for work done on Salerno and Cypress' behalf during this period because such work could not be prepared in "anticipation of litigation," as Fox had expressly withdrawn from the litigation in question. Fed. R. Civ. P. 26(b)(3)(A). Accordingly, Fox's anticipated motion to quash should be denied.

           Respectfully submitted,

           */s/ Jonathan S. Sack*

           Jonathan S. Sack

---

[3] Sport-BLX is not publicly filing the deposition due to the parties' protective order; it is, of course, available to the Court if helpful in resolving this matter.

Hon. Lorna G. Schofield
June 2, 2023
Page 4

cc: Counsel of record (by ECF)