# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 5, 2023

**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Sport-BLX, Inc. v. Salerno, et al.*, No. 1:22-cv-08111 (LGS)

Dear Judge Schofield:

  We represent Sport-BLX, Inc. in the above-referenced action. We write in opposition to the pre-motion conference letter filed by defendants Michael Salerno and Cypress Holdings III, L.P. ("Cypress") (collectively "Defendants"), dated September 27, 2023, seeking leave to file a motion for summary judgment on Sport-BLX's Amended Complaint, ECF No. 74. Defendants do not dispute that Salerno falsely described Cypress at the time of the investment in Sport-BLX. Defendants' attempts to avoid liability for this and related misrepresentations are meritless.

  **I.** **Factual Background**

  In early 2019, Michael Salerno expressed interest in investing in Sport-BLX, which was formed in 2018 by George Hall and Joseph De Perio to be a FINRA-registered online marketplace for sports-related securitized assets. For several weeks, through multiple drafts, Salerno, with the assistance of corporate counsel, negotiated a purchase of shares in the name of "Michael M. Salerno." On February 28, 2019, about one hour before signing the stock purchase agreements, Salerno wrote to Sport-BLX that his lawyer had not "update[d]" the agreements to say that "my holding company" (Cypress) would be buying $1 million in Sport-BLX stock. Sport-BLX accepted the investment believing that Salerno, through his "holding company," was Sport-BLX's new investor.

  In August 2019, Sport-BLX applied to FINRA to register as a broker-dealer—a critical step in the company's business plan known to Salerno and other investors. FINRA required Sport-BLX to disclose Cypress's beneficial owners. When the company asked Salerno to confirm that he was the sole owner of Cypress, he refused to do so, and refused to provide any information about the beneficial owners of Cypress. When told that Sport-BLX was obligated to provide this information to FINRA,

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
October 5, 2023
Page 2

Salerno continued to refuse to provide the information, writing, among other things, that he would not make his "estate plan structure" public, and that Sport-BLX did "not have a right" to the information. Salerno persisted in refusing to provide the needed information to Sport-BLX even after outside company counsel informed the board of directors, including Salerno, that the company must provide the beneficial owner information to FINRA to be licensed.

Only in discovery—and only after this Court ordered production of the information over Salerno's repeated opposition—did Sport-BLX learn the real reason for Salerno's refusal to provide the beneficial owner information for Cypress: he was concealing his February 2019 fraudulent misrepresentation that Cypress was simply his "holding company." In truth, Cypress was an unregistered investment partnership, comparable to a hedge fund, which had 18 investors—including a convicted felon—for which Salerno acted as a manager entitled to management and success fees. Only two of the investors had any family relation to Salerno: his wife and a family trust. Had Sport-BLX known the truth, it would not have permitted Cypress to purchase Sport-BLX stock in February 2019; and Hall and De Perio would not have agreed to vote their shares in favor of Salerno being on Sport-BLX's board of directors.

Salerno's refusal to disclose Cypress's beneficial owners had a devastating impact on Sport-BLX. It destroyed Sport-BLX's business model, which depended on a FINRA broker-dealer license to earn revenue from offering and trading sports-related assets, and wasted months of precious time trying to get Salerno to change his mind. Salerno's obstruction required the company to devise a new business model, premised on licensing its trading platform, but that model was substantially weaker than the original one. Salerno's conduct caused significant damage to Sport-BLX.

## II. Defendants Are Not Entitled to Summary Judgment on Sport-BLX's Claims

The Defendants' arguments for summary judgment are meritless. Defendants do not dispute that Salerno's description of Cypress as his "holding company" was false and misleading. Rather they attempt to put the onus on *Sport-BLX* to have seen through the lie. Defendants' arguments do not withstand scrutiny.

First, regarding Sport-BLX's securities fraud claim, Defendants' statute of limitations argument borders on the frivolous. Salerno's false and misleading statements—that Cypress was his "holding company," and that information about Cypress's ownership would reveal Salerno's "estate plan"—were clearly intended to hide the very information that Defendants now claim Sport-BLX should have discovered. Defendants' contention is even more confounding in light of the Defendants' refusal to disclose the information until this Court ordered it in 2023. That Cypress is a limited partnership is of no moment. Given Salerno's initial representation that Cypress was his "holding company," reinforced by later referring to his "estate plan structure," Sport-BLX would have reasonably assumed that a Cypress limited partner, if one existed, was Salerno's LLC or a family trust—not 16 investors outside his immediate family, including a convicted felon and multiple 401k and similar retirement accounts.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
October 5, 2023
Page 3

*See LC Capital Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 155 (2d Cir. 2003) (no duty to inquire as to possibility of securities fraud, even if there are warning signs, when statements are accompanied by "words of comfort from management").

Second, Defendants' arguments regarding Sport-BLX's fraud claim also fail. Defendants assert that Salerno's false and misleading statements were not material because Sport-BLX did not perform due diligence concerning Cypress, and that Defendants did not have an intent to defraud because Salerno disclosed that Cypress was the investor. Both arguments are factual in nature and hotly contested, and conveniently ignore that Salerno sought to give comfort to Sport-BLX by falsely representing, moments before he signed the stock purchase agreements, that Cypress was "my holding company."

Third, Defendants are not entitled to summary judgment on the breach of fiduciary duty claim. Defendants argue that Cypress did not owe fiduciary duties to Sport-BLX because of its minority interest in Sport-BLX, but this argument ignores controlling Delaware case law which holds that minority shareholders owe fiduciary duties to a company when the shareholders "*actual[ly] exercise . . .* control over the corporation's conduct." *Weinstein Enterprises, Inc. v. Orloff*, 870 A.2d 499, 507 (Del. 2005) (emphasis in original). Such control is found when a minority shareholder exercises "veto power" over the corporation's decisions—the very power Cypress wielded when it chose to obstruct Sport-BLX's business plan by refusing to disclose its owners. *See Williamson v. Cox Commc'ns, Inc.*, 2006 WL 1586375, at *5 (Del. Ch. June 5, 2006). Salerno also breached his personal duty as a Sport-BLX director to "pursue the best interests of the corporation and its stockholders," *Woods Tr. of Avery L. Woods Tr. v. Sahara Enters., Inc.*, 238 A.3d 879, 895 (Del. Ch. 2020), by refusing to disclose Cypress's owners for purely personal reasons (Salerno as manager had complete control over Cypress).[1]

Fourth, Defendants' arguments on the tortious interference claim completely ignore the facts established in discovery regarding Cypress and Salerno's interference with Sport-BLX's business plan (which depended on a broker-dealer license to trade securities), as well as the adverse impact that Salerno's baseless threats had on Sport-BLX's business prospects and relationships. That Defendants at this stage in the litigation point to Salerno's lie about his "estate plan structure" as a *justification* for his conduct, ECF No. 74 at 3, demonstrates just how disingenuous their claims are.

Finally, Defendants argue that Sport-BLX cannot prove its approximately $29 million in damages, as computed by Sport-BLX's expert, Gene B. Phillips of PF2 Securities Evaluations. Defendants contend chiefly that a December 2019 $355 per share transaction involving Hall and De Perio disproves a decline in Sport-BLX's value. Mr. Phillips did not rely on that transaction in his analysis because, among other things, it was a related-party transaction with only 10 percent of the purchase price payable in cash. Defendants' arguments go to the weight, not admissibility, of Mr. Phillips's testimony, and therefore should be rejected.

---

[1] Defendants argue that Sport-BLX will not be able to prove causation and damages. However, causation and damages are not elements of a breach of fiduciary duty claim under Delaware law, *see Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch. 2010), and Sport-BLX will prove causation and damages through lay and expert testimony and other evidence.

Morvillo Abramowitz Grand Iason & Anello P. C.

Hon. Lorna G. Schofield
October 5, 2023
Page 4

                                             Respectfully submitted,

                                             <u>/s/ *Jonathan S. Sack*</u>

                                             Jonathan S. Sack

cc: Counsel of record (by ECF)