# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPORT-BLX, INC., individually and derivatively on behalf of its shareholders,<br><br>Plaintiff,<br><br>v.<br><br><br>MICHAEL M. SALERNO and CYPRESS HOLDINGS, III, L.P.,<br><br>Defendants. | Civil Action No.: 1:22-cv-08111-LGS |

**DECLARATION OF A. ROSS PEARLSON IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS MICHAEL M. SALERNO AND CYPRESS HOLDINGS, III, L.P. PURSUANT TO LOCAL CIVIL RULE 1.4**

I, **A. ROSS PEARLSON**, declare as follows:

1.  I am a member of the Bar of the State of New York and am admitted to practice before this Court. I am also a Member of the law firm CHIESA SHAHINIAN & GIANTOMASI PC ("CSG"), and represent Defendants, MICHAEL M. SALERNO ("SALERNO") and CYPRESS HOLDINGS, III, L.P. ("CYPRESS") (collectively, the "CYPRESS PARTIES"), in the above-entitled action.[1] I have personal knowledge of the facts and circumstances set forth herein.

2.  I submit this Declaration in support of CSG'S Motion to Withdraw as Counsel for the CYPRESS PARTIES pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Motion").

---

[1] I formerly represented Cypress in the related action entitled *Cypress Holdings, III, L.P. v. Hall, et al.*, Civ. Action. No. 22-cv-01243-LGS (the "Cypress Action"). On October 30, 2023, the Hon. Lorna G. Schofield, U.S.D.J. entered a Consent Order Granting Substitution of Attorney wherein the Court directed the Clerk of Court to designate Alexander M. Dudelson, Esq. as counsel of record for Cypress in the Cypress Action (ECF No. 162).

1

3. Irreconcilable differences have developed between CSG and the CYPRESS PARTIES, such as to render it impossible for CSG to continue to effectively represent the CYPRESS PARTIES in this action.

4. The existence of irreconcilable differences has been routinely held to be a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4. As this Court previously has held, "'it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Cosgrove v. Federal Home Loan Bank,* 90 Civ. 6455 & 92 Civ. 4225, 1995 WL 600565, at *2 (S.D.N.Y. Oct.12, 1995) (Peck, M.J.) (quoting *Generale Bank, New York Branch v. Wassel,* 91 Civ. 1768, 1992 WL 42168, at *1 (S.D.N.Y. Feb.24, 1992)); *see also Emile v. Browner*, 95 Civ. 3836, 1996 WL 724715, at *1 (S.D.N.Y. Dec.17, 1996) ("[w]hen a client ... indicates that she lacks confidence in and no longer wishes to be represented by the attorney, and the attorney-client relationship has broken down, these are more than sufficient reasons for counsel to be relieved."); *Tufano v. City of New York*, 94 Civ. 8655, 1996 WL 41991,2 at *1 (S.D.N.Y. July 25, 1996) (withdrawal permitted upon showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy"); *Sansiviero v. Sanders,* 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't 1986) (in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation, the appellant's motion to withdraw as counsel for the plaintiff should have been granted."), *appeal dismissed,* 68 N.Y.2d 805, 506 N.Y.S.2d 868, 498 N.E.2d 432 (1986).

5. Further, the parties will not suffer prejudice, and the litigation will not suffer undue delay, as a result of the requested withdrawal. As an initial matter, the CYPRESS PARTIES have consented to CSG's withdrawal and have already retained new counsel, Mr. Dudelson, who filed

a Notice of Appearance in this action on November 9, 2023 (ECF No. 88). In addition, CSG's withdrawal from this action will not result in undue delay because the FED. R. CIV. P. 23.1 motion filed by defendants in the related Cypress Action (in which Mr. Dudelson has already been designated counsel of record) has not been fully briefed or decided. That being so, neither a briefing schedule for summary judgment motions, nor a trial date, have been set in either this action or the Cypress Action. Thus, there is ample time for the CYPRESS PARTIES' newly-retained counsel to familiarize himself with this matter and bring it to completion.

6.   CSG is not asserting a retaining lien or charging lien at this time.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

**Executed this 14th day of November 2023, in New York, New York.**

*/s/ A. Ross Pearlson*
A. ROSS PEARLSON