LAW OFFICES OF
# ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100   FAX (718) 624-9552

ALEXANDER M. DUDELSON

OF COUNSEL
LOUIS R. ROSENTHAL
JULIAN K. WHITE
YEHUDA FARKAS

FABIAN G. PALOMINO
(1924 – 2014)

October 15, 2024

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

      RE:    *Sport-BLX, Inc. v. Salerno, et al.*, Civil Action No. 22-cv-08111 (LGS)
             Related Case: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

      This firm represents Defendants Michael M. Salerno ("Mr. Salerno") and Cypress Holdings, III, LP ("Cypress") (collectively, the "Cypress Parties") in the above-referenced action. We write in response to the October 8, 2024 pre-motion letter filed by Plaintiff Sport-BLX, Inc. ("Sport-BLX"). For the following reasons, Plaintiff should not be permitted to file a summary judgment motion in this action.

    I.    Count One – Violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 (17 C.F.R. § 240.10b-5)

      As a preliminary matter, Sport-BLX's securities fraud claims are barred by the applicable two-year statute of limitations, namely "not later than the earlier of: (1) two years after the discovery of the facts constituting the violation; or (2) five years after such violation." 28 U.S.C. § 1658(b)(2). Sport-BLX's initial Complaint was filed on August 3, 2022 in the Supreme Court of New York (ECF 3, ¶ 3) and subsequently removed to federal court (ECF 6). Sport-BLX's initial Complaint did not contain a count for securities fraud violations. On March 1, 2023, Sport-BLX filed an Amended Complaint, asserting 10b-5 violations. Sport-BLX's 10b-5 claims are untimely because they are based on conduct discovered in 2019, outside the two-year statute of limitations. Sport-BLX alleges that Mr. Salerno made the following materially false and misleading statements in February and August of 2019: (1) Mr. Salerno's February 2019 statement that Cypress was his "holding company"; (2) Mr. Salerno's February 2019 edits to the Side Letter Agreement that defined Cypress as "Salerno" and (3) Mr. Salerno's August 2019 statement that his refusal to disclose Cypress' ownership was based on concerns about his estate plan. (ECF 40, ¶ 91).

      The evidence is neither undisputed nor dispositive. As of February 28, 2019, the date the Side Letter Agreement was signed, Sport-BLX was aware that Cypress was a limited partnership which, by definition, requires additional limited partners. 26 CFR § 301.7701-2(a). Sport-BLX (which consisted of sophisticated businessmen) therefore knew, or should have known (had they conducted any due diligence), as of that date that Cypress consisted of

investors other than Mr. Salerno. At the very latest, by its own admission Sport-BLX was aware of that fact no later than August of 2019, when Sport-BLX began the application process with FINRA and first asked Mr. Salerno about Cypress' beneficial owners. Sport-BLX's 10b-5 claims based on the February 2019 statements fall outside of the statute of limitations and should be dismissed. Moreover, Mr. Salerno's August 2019 statement regarding his concerns about disclosing the beneficial ownership structure of Cypress was not false when made and lacks any connection to the purchase and/or sale of a security. The August 2019 comment was made months after Cypress' March 2019 investment in Sport-BLX, and therefore Sport-BLX cannot claim to have relied upon this statement in connection with the purchase or sale of a security.

II. Count Two – Fraud

Sport-BLX's fraud claim is premised on the same three statements referenced above with respect to its 10b-5 claims as evidence of Mr. Salerno's alleged fraud against Sport-BLX. However, Sport-BLX cannot establish the essential elements of materiality, intent to defraud, causation or damages to assert a fraud claim. See, e.g., In re Amla Litig., 282 F. Supp. 3d 751 (S.D.N.Y. 2017) (identifying requisite elements of fraud). To begin, Sport-BLX has no evidence showing that any of the statements were material. Sport-BLX chose not to distribute investor questionnaires or otherwise perform due diligence prior to accepting Cypress' investment. Even after "discovering" that Cypress was a limited partnership, Sport-BLX chose to accept its payment in March and move forward without further inquiry.

Additionally, Sport-BLX will be unable to show the requisite intent to defraud. In an email sent to Messrs. De Perio and Hall on February 28, 2019, Mr. Salerno stated that, "I saw my attorney didn't update agreements with my holding company name…I will do that and send over signed docs." If Mr. Salerno intended to defraud Sport-BLX he would not have alerted Mr. Hall nor Mr. De Perio to this revision. In addition, the Side Letter Agreement between Cypress, Sport-BLX, Mr. Hall and Mr. De Perio clearly lists Cypress as a "Delaware limited partnership" with Mr. Salerno noted as the "Manager." By definition, a limited partnership is an entity consisting of 2 or more persons and having 1 or more general partners and 1 or more limited partners. 26 CFR § 301.7701-2(a). Yet no one from Sport-BLX ever asked Mr. Salerno about the identity of the Cypress partners until the fall of 2019 in connection with the FINRA application. Sport-BLX had every opportunity to perform due diligence into the identity of Cypress' partners, prior to the investment—but chose not to. There is no evidence of any intent to defraud.

III. Count Three – Breach of Fiduciary Duty

To state a claim for a breach of fiduciary duties, a plaintiff must establish: (1) a fiduciary duty existing between the parties; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff which were proximately caused by the breach. Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162 (S.D.N.Y. 2011). As a matter of law, a shareholder owes a fiduciary duty to a corporation only if the shareholder: (a) owns a majority interest in or (b) exercises control over the business affairs of the corporation. Gradient OC Master, Ltd. v. NBC Universal, Inc., 930 A.2d 104 (Del. Ch. 2007). It is undisputed that Cypress did not own a majority interest of shares in Sport-BLX and therefore could not exercise control over the corporation's affairs. As a result, Cypress owed no fiduciary duty to Sport-BLX and therefore the breach of fiduciary duty claim against Cypress must be dismissed as a matter of law. (See ECF 40 ¶¶ 108, 109, 110).

      Sport-BLX alleges that Mr. Salerno breached his fiduciary duty to Sport-BLX in his capacity as a director, by refusing to disclose Cypress' beneficial owners and by failing to exercise informed judgment. (ECF 40 ¶¶ 106, 107). This claim must fail because Sport-BLX will be unable to establish a breach of duty, causation, and damages. Mr. Salerno had no duty as a director to disclose the investors of Cypress. Even if he did, Sport-BLX has no evidence that Mr. Salerno's failure to disclose Cypress's beneficial owners caused Sport-BLX's FINRA application to be denied, especially given Mr. Salerno's agreement to disclose the information directly to FINRA or later directly to Sport-BLX and Mr. Hall. Additionally, Board Meetings from the early fall reflect that it was the Founders' decision to convert Sport-BLX solely to a technology company, and for that reason, the FINRA application was never filed.

*   *   *

      Defendants respectfully refer this Court to its letter dated September 27, 2023 (ECF No. 74) by prior counsel requesting leave to file a motion for summary judgment in this matter and Plaintiff's response in its letter dated October 5, 2023 (ECF NO. 79).

      Thank you for your consideration.

      Very truly yours,

      /s/ Alexander M. Dudelson

      _____

      Alexander M. Dudelson