```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
CYPRESS HOLDINGS, III, L.P.,                                 :
individually and derivatively on                             :
behalf of Sport-BLX, Inc.,                                   :
                                                             :   22 Civ. 1243 (LGS)
                                    Plaintiff,               :
                                                             :
            -against-                                        :
                                                             :
SPORT-BLX, INC., et al.,                                     :
                                                             :
                                    Defendants,              :
                                                             :   OPINION & ORDER
-------------------------------------------------------------X
                                                             :
SPORT-BLX, INC.,                                             :
                                    Plaintiff,               :
                                                             :
            -against-                                        :   22 Civ. 8111 (LGS)
                                                             :
CYPRESS HOLDINGS, III, L.P, and                              :
MICHAEL M. SALERNO,                                          :
                                    Defendants.              :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Defendants Sport-BLX, Inc., Sport-BLX Securities, Inc., Clinton Group, Inc. and George Hall (collectively, the "Sport-BLX Parties" or "Defendants") filed a letter seeking a pre-motion conference in anticipation of moving for Rule 11(b) sanctions against Cypress Holdings, III, L.P. ("Plaintiff") and Michael Salerno (together, the "Cypress Parties"). Attached to the letter was Defendants' proposed memorandum of law in support of the motion and the parties' safe harbor correspondence. Defendants seek imposition of sanctions and an award of attorneys' fees related to summary judgment briefing here and in a related case, *Sport-BLX, Inc. v. Salerno, et al.*, 1:22-cv-08111.

WHEREAS, Defendants contend that the Cypress Parties' Rule 56.1 submissions and briefs contain factual contentions "not only unsupported by the evidence but explicitly and definitively disproven," and that the Cypress Parties failed to withdraw or correct such contentions after a renewed twenty-one-day safe-harbor notice served on February 14, 2025.

WHEREAS, the Cypress Parties in their response to Defendants' safe harbor letter corrected the amount of the diverted success fee, and in their response to Defendants' pre-motion letter opposed the imposition of sanctions, asserting that their submissions had an objectively reasonable evidentiary basis and that Rule 11 is not a vehicle to argue the merits of summary judgment disputes.

WHEREAS, because Defendants submitted their full memorandum of law in support of the putative motion and the Cypress Parties responded, Defendant's pre-motion letter is construed as a motion for sanctions under Rule 11.

**Applicable Law**

WHEREAS, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose."[1] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *accord AJ Energy LLC v Woori Bank*, 829 Fed App'x 533, 535 (2d Cir. 2020) (summary order). "Sanctions may be -- but need not be -- imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012); *see* Fed. R. Civ. P. 11(b)-(c). But Rule 11

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

2

"must be read in light of concerns that it will . . . chill vigorous advocacy," and the analysis turns on "whether the attorney has abused the judicial process." *Cooter*, 496 U.S. at 393, 396.

WHEREAS, "[t]he standard for triggering the award of fees under Rule 11 is objective unreasonableness." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012); *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000) (reversing the district court's award of sanctions because the party's challenged misinterpretation of case law was "not so untenable as a matter of law as to necessitate sanction"). "A statement of fact can give rise to the imposition of sanctions only when the particular allegation is utterly lacking in support," *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (finding factual statement supported by some circumstantial evidence not sanctionable), and courts "must resolve all doubts in favor of the party against whom sanctions are sought." *Lee v. Grand Sichuan E. (N.Y.) Inc.*, No. 12 Civ. 8652, 2014 WL 199512, at *1 (S.D.N.Y. Jan. 17, 2014).

WHEREAS, it is "improper for a party to file a Rule 11 motion for the purpose of emphasizing the merits of the party's position." *Lee*, 2014 WL 199512, at *1. Rule 11 "should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment." *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003).

**Discussion**

WHEREAS, Defendants argue that the Cypress Parties violated Rule 11(b)(3) and (4) by presenting unsupported and knowingly false contentions in their briefs and by failing to withdraw or correct some of those contentions within the twenty-one-day safe harbor period. But Rule 11 sanctions require factual allegations to be baseless, utterly lacking in support or otherwise frivolous. *Ipcon*, 698 F.3d at 63. The sufficiency of the evidence does not matter; as

long as there is *some* evidentiary support, sanctions should not be imposed.  See *Kiobel*, 592 F.3d at 81 ("A statement of fact can give rise to the imposition of sanctions only when the particular allegation is utterly lacking in support").

WHEREAS, in their opposition letter, the Cypress Parties modified or clarified certain arguments and assertions in response to Defendants' challenges.  For those allegations the Cypress Parties continue to assert, Plaintiffs identified at least some evidence in support or provided bases for the inferences drawn.

WHEREAS, on this record, Defendants fail to meet Rule 11's standard.  Defendants' pre-motion submission substantially reprises arguments made in their summary-judgment briefing.  The challenged statements largely represent competing interpretations of the record rather than statements "utterly lacking in support." *Id.*; *see Jawbone v. Donohue*, No. 1 Civ. 8066, 2002 WL 1424587, at *6 (S.D.N.Y. June 28, 2022) (denying Rule 11 motion where arguments made in support mirrored those made in a motion to dismiss).  As the parties' disputes go to the merits, and Defendants have not shown Plaintiffs' positions to be objectively unreasonable, it is hereby

**ORDERED** that Defendants' putative motion for Rule 11 sanctions against the Cypress Parties is **DENIED**, and the request for a pre-motion conference at Dkt. No. 245 is **DENIED** as moot.

Dated: November 4, 2025
       New York, New York

                                                    _____
                                                    LORNA G. SCHOFIELD
                                                    UNITED STATES DISTRICT JUDGE