UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
CYPRESS HOLDINGS, III, L.P.,                        :
*individually and derivatively on*                  :
*behalf of Sport-BLX, Inc.*,                         :
                                                    :
                                   Plaintiff,       :          22 Civ. 1243 (LGS)
                                                    :
                 -against-                           :
                                                    :
SPORT-BLX, INC., et al.,                            :
                                   Defendants,      :
                                                    :
-------------------------------------------------------------X          **<u>ORDER</u>**
                                                    :
SPORT-BLX, INC.,                                    :
                                   Plaintiff,       :
                                                    :
                 -against-                           :
                                                    :          22 Civ. 8111 (LGS)
CYPRESS HOLDINGS, III, L.P, and                     :
MICHAEL M. SALERNO,                                 :
                                   Defendants.      :
                                                    :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       On November 19, 2025, George Hall, Sport-BLX, Inc., Sport-BLX Securities, Inc. and

Clinton Group, Inc. ("Sport-BLX Parties") filed eight motions in limine.  Joseph De Perio joined

in the motions.  On November 26, 2025, Cypress Holdings, III, L.P. ("Cypress") opposed.  All

references to Rules herein refer to the Federal Rules of Evidence. The motions are resolved as

follows:

## I.    MOTION IN LIMINE NO. 1

       The Sport-BLX Parties' motion to preclude "any argument or evidence inconsistent with"

prior rulings and "unrelated to the remaining claims" is granted in part and denied in part.  The

Sport-BLX Parties seek to preclude "any argument or evidence inconsistent with the Court's decisions and unrelated to the remaining claims," under Rules 401 and 403, "including -- but not limited to -- any argument or evidence concerning: (1) the use of investor proceeds for legal expenses or marketing; (2) Sport-BLX's alleged obligation to maintain a fund investing in sports-related assets to generate revenue for Sport-BLX; (3) alleged siphoning of assets through Sport-BLX's sale of its trading platform to S-BLX Securities or rent payments to Clinton Group; and (4) alleged siphoning of assets through 'success fees' paid to Clinton Group, including in the PBGC and Orix transactions."  Evidence is relevant under Rule 401 if it has any tendency to make a fact of consequence more or less probable, but relevant evidence may be excluded under Rule 403 if the danger of unfair prejudice, confusion or waste of time substantially outweighs its probative value.

The motion is granted in part and denied in part.  To the extent the Sport-BLX Parties seek to exclude categorically *all* evidence of dismissed counts, the factual overlap of that evidence with the counts set for trial makes such broad relief untenable.  Evidence tied to dismissed counts may still be admissible if it bears on issues that remain for trial, including motive, intent and damages.  For example, evidence tying the transactions at issue to the motive for eliminating Cypress's board seat is relevant to the surviving theory on Count Two -- whether Hall and De Perio used stock transfers to GlassBridge Enterprises, Inc. ("GlassBridge") to evade the Side Agreement and eliminate Cypress's board seat.  Cypress argues that evidence of transactions concerning rent, success fees and the platform sale show why the Sport-BLX Parties wanted Cypress off the board and that this evidence provides context and bears on motive and consequential damages resulting from the loss of the Board seat.  This evidence is admissible for these limited purposes.

The motion is granted to the extent that it seeks to prevent Cypress from using evidence of dismissed theories as an independent basis for liability or damages. Cypress may not argue that rent payments, the platform sale or success fees independently establish liability, and Cypress may not invite the jury to award damages on those dismissed theories rather than on the claims that remain. When and if necessary, the Sport-BLX Parties may request a limiting instruction to this effect.

The motion is also granted to exclude evidence of the "use of investor proceeds" and "sports-related assets" fund because these matters do not bear on the claims that remain for trial and would risk juror confusion. Cypress is precluded from arguing or presenting evidence about the use of investor proceeds for legal expenses or marketing and about Sport-BLX's alleged obligation to maintain a fund investing in sports assets. Those allegations relate to dismissed misrepresentation theories and do not bear on the GlassBridge transfer theory or the board-seat-removal theory. Because any marginal probative value is substantially outweighed by the danger of confusing the issues, the evidence is excluded under Rule 403.

## II.    MOTION IN LIMINE NO. 2

The Sport-BLX Parties' motion to exclude evidence offered to prove Count 12, Cypress's aiding and abetting breach of fiduciary duty claim, is denied as moot. The Sport-BLX Parties' arguments will be addressed separately through the Sport-BLX Parties' renewed motion to dismiss Count Twelve.

## III.    MOTION IN LIMINE NO. 3

The Sport-BLX Parties' motion to preclude evidence and argument related to the Stock Purchase Agreements ("SPAs") or tag-along rights is denied. The Sport-BLX Parties seek to preclude Cypress from arguing that (1) the SPAs guaranteed a board seat or support damages, (2)

the GlassBridge sale triggered tag-along rights or (3) Cypress is entitled to damages based on SPA provisions or tag-along rights.

The Sport-BLX Parties are correct that the SPAs are not a basis for liability on Cypress's claim for the breach of the covenant of good faith and fair dealing implicit in the Side Agreement, but that does not require excluding SPA and tag-along evidence that Cypress offers only as context for intent and valuation. The Side Agreement supplies the right to a Board seat at issue in Count Two, which turns on whether Hall and De Perio used the GlassBridge transaction to work around the Side Agreement and eliminate Cypress's board seat. Cypress may not argue that the Sport-BLX Parties are liable because tag-along rights (or any SPA provision) were triggered or breached. But Cypress may refer to the SPAs and the tag-along threshold to the extent that evidence bears on the Sport-BLX Parties' intent in structuring the GlassBridge sale, including that the sale was below the 50% share threshold that would trigger tag-along rights. Cypress also may reference the GlassBridge transaction price as a contemporaneous valuation data point, subject to foundation, because that evidence bears on consequential damages tied to the board-seat loss rather than on a tag-along breach theory. Consistent with that limitation, and if necessary, the Sport-BLX Parties may request a clarifying instruction that SPA and tag-along evidence may be considered for intent and damages but that such evidence does not establish an independent basis for liability.

The Sport-BLX Parties' request to exclude Hall's alleged "offhand comment" during the November 2019 Board Meeting is denied to the extent Cypress offers the statement as evidence of intent and knowledge rather than as a binding promise. The Sport-BLX Parties argue that the comment about tag-along rights is unenforceable and should be excluded. Cypress represents that it intends to offer the statement as evidence that bears on Hall's intent and knowledge, not as

the basis for a separate contract claim. The statement may be offered for those limited purposes, but Cypress may not argue that the statement created enforceable tag-along rights or independently supports liability.

### IV.    MOTION IN LIMINE NO. 4

The Sport-BLX Parties' motion to exclude evidence of monetary damages, including valuation evidence tied to the GlassBridge transaction and lay valuation testimony, and to limit Cypress to nominal damages is denied. The summary judgment opinion expressly rejected the Sport-BLX Parties' argument that damages are speculative, holding that Cypress may prove "consequential injury to its investment." Any difficulty in quantifying that loss "goes to the measure of damages, not liability." The Sport-BLX Parties' request to bar damages evidence, including evidence about the GlassBridge transaction, largely seeks to relitigate summary judgment through an evidentiary ruling. Cypress may offer the GlassBridge transaction price as a contemporaneous data point that bears on valuation, subject to foundation. Cypress may not argue that it was entitled to sell at $355 per share under tag-along rights or that the Sport-BLX Parties are liable because tag-along rights were triggered or violated; the GlassBridge transaction may be referenced as evidence that bears on valuation and consequential damages tied to the loss of the board seat. The Sport-BLX Parties' arguments that the GlassBridge consideration included promissory notes and that Hall and De Perio did not realize $355 per share in cash go to weight, not admissibility.

The Sport-BLX Parties' objection to lay valuation testimony is denied, but any such testimony must be grounded in personal knowledge and not on a specialized valuation methodology. Cypress may present lay opinion testimony from Michael M. Salerno or another Cypress representative about the value of Cypress's investment, subject to Rule 701. The Sport-

BLX Parties argue that Salerno cannot testify under the owner-witness rule because he is not an owner or officer of Sport-BLX. That objection does not justify categorical preclusion. Salerno may not offer a technical valuation of Sport-BLX as a business, but he may offer lay opinion testimony about the value of Cypress's investment to the extent that testimony is based on his personal knowledge, including the price Cypress paid and other benchmarks he observed. Any testimony requiring a specialized valuation methodology or expert analysis is not admissible as lay opinion and must satisfy Rule 702.

The Sport-BLX Parties also argue that Cypress failed to disclose its damages theory, but the record likewise fails to support preclusion on that basis. Cypress disclosed a damages methodology based on "the value of Cypress' Sport-BLX stock (at the $355.00 per share price at which the Founders sold their personal shares in Sport-BLX -- in a purported arms'-length transaction -- to GlassBridge) less any remaining value of the acquired stock at the time of trial." This disclosure provides sufficient notice under Rule 26(a)(1)(A)(iii). The fact that the computation requires determination of remaining value at trial does not render the damages theory inadequate because that value is a factual question for the jury based on the evidence presented at trial. Preclusion under Rule 37(c)(1) is not warranted on this record because the Sport-BLX Parties have had notice of Cypress's theory and can test it through cross-examination and their own case-in-chief.

## V.    MOTION IN LIMINE NO. 5

The Sport-BLX Parties' motion to exclude evidence of unrelated regulatory investigations or claims under Rules 404(b), 401 and 403 is granted. Evidence of investigations or claims concerning the Sport-BLX Parties or affiliated entities is inadmissible propensity evidence unless Cypress can establish, outside of the presence of the jury, that the evidence is

offered for a proper Rule 404(b) purpose that is genuinely disputed and that its probative value is not substantially outweighed the danger of unfair prejudice or confusion. *Id*.

The motion is granted as to any generalized attempt to introduce evidence of the Sport-BLX Parties' prior regulatory investigations. Cypress has not made a sufficiently specific proffer to justify admitting investigation evidence, and admitting generalized investigation evidence would risk juror confusion and propensity reasoning. If Cypress proffers specific investigation evidence at trial and establishes that the evidence proves motive, intent or another proper Rule 404(b) purpose tied to a disputed element of a surviving claim -- or if the Sport-BLX Parties open the door to such evidence -- the motion may be revisited.

## VI.    MOTION IN LIMINE NO. 6

The Sport-BLX Parties' motion to exclude evidence of harm to Michael Salerno personally or any affiliated entity other than Cypress Holdings under Rules 401 and 403 is denied in part and granted in part. *Cypress Holdings, III, L.P. v. Sport-BLX, Inc.*, 22 Civ. 1243, and *Sport-BLX, Inc. v. Cypress Holdings, III, L.P. & Michael M. Salerno*, 22 Civ. 8111, are related cases that have been consolidated for trial. Some evidence is necessary as context for the jury to understand Salerno's status as a party to 22 Civ. 8111, which makes blanket exclusion improper.

That said, Cypress may not seek damages based on harm to Salerno personally or to any affiliated entity other than Cypress, and Cypress may not devote substantial trial time to those harms. Fed. R. Evid. 401, 403. Any evidence will be limited to necessary context for the consolidated cases and the surviving issues. If necessary, a limiting instruction will be given upon request.

## VII.    MOTION IN LIMINE NO. 7

The Sport-BLX Parties' motion to exclude evidence concerning whether or not the Sport-BLX Parties are insured against liability is granted.  Rule 411 bars evidence of liability insurance to prove negligence or wrongful conduct, though such evidence may be admissible for another purpose such as proving bias or control.  Cypress argues that insurance or indemnification may become relevant if a party claims that it acted in good faith to preserve indemnification rights or if coverage affects control of the defense and therefore witness bias.  That argument does not justify presenting evidence regarding insurance coverage absent a specific, non-propensity purpose tied to a disputed issue.  If Cypress seeks to use such evidence for a permitted purpose under Rule 411 (including bias or control), Cypress must make a specific proffer outside the presence of the jury, and admissibility will be evaluated under Rules 411 and 403.

### VIII.  MOTION IN LIMINE NO. 8

The Sport-BLX Parties' generalized motion to exclude evidence of any pre-suit or post-suit compromise negotiations as settlement negotiations under Rule 408 is denied without prejudice to renewal.  Rule 408 excludes compromise offers and negotiations when offered to prove or disprove the validity or amount of a disputed claim, but the rule applies only when there was a dispute and when the communication was part of compromise negotiations.

Cypress alleges that Hall and De Perio offered to purchase Cypress's shares at a drastically undervalued price, which Cypress declined, years before litigation commenced. Admissibility turns on the purpose of introducing such evidence, and whether the offer to purchase was made to compromise a disputed claim or was instead a business proposal made before any dispute arose.  Here, Cypress asserts that the offer of $50 to $60 per share is relevant to valuation of the stock, and to the "bad faith" element of Cypress's claim for the breach of the covenant of good faith and fair dealing implicit in the Side Agreement.  The Second Amended

8

Complaint alleges that three days after the offer, Hall and De Perio sold their shares to GlassBridge for $355 per share. These facts as well as the timing of the offers -- in 2019 or early 2020, before litigation commenced in 2022 -- suggest the offers were ordinary business communications rather than settlement negotiations and, if offered to show "bad faith," would not be presented to the jury to prove or disprove the validity or amount of a disputed claim. The Sport-BLX Parties have proffered no evidence or argument suggesting otherwise. The motion is therefore denied. The Sport-BLX Parties may renew their motion as to any other offers or negotiations that Cypress seeks to introduce at trial. Cypress shall give at least twenty-four hours' notice of any such evidence to the Court and the Sport-BLX Parties.

* * *

The Clerk of Court is respectfully directed to enter on the docket only the following as the substance of this Order:

The Court's detailed rulings are as set forth in this Order. In sum, it is hereby

**ORDERED** that the Sport-BLX Parties' motions to preclude the following evidence and argument are resolved as follows:

(i) evidence of dismissed claims is **GRANTED** in part and **DENIED** in part. Cypress is precluded from offering evidence or argument concerning (i) the use of investor proceeds for legal expenses or marketing and (ii) Sport-BLX's alleged obligation to maintain a fund investing in sports-related assets. Cypress may not use evidence concerning rent payments, the platform sale or "success fees" as independent bases for liability or damages, but Cypress may offer such evidence for other purposes (including motive, intent, or damages);

9

(ii) evidence concerning Count Twelve is **DENIED** as moot in light of the Sport-BLX Parties' renewed motion to dismiss Count Twelve;

(iii) evidence concerning the SPAs and tag-along rights is **DENIED**.  Cypress may not argue that the Sport-BLX Parties are liable because tag-along rights or any SPA provision were triggered or breached, and Cypress may not present such theories as independent bases for liability or damages.  Cypress may offer SPA/tag-along evidence only for other uses such as context, state of mind and valuation;

(iv) evidence of monetary damages is **DENIED**.  Cypress may offer valuation evidence (including evidence of the GlassBridge transaction) subject to foundation.  Lay valuation testimony is permitted to the extent it is grounded in personal knowledge and does not depend on any specialized valuation methodology;

(v) evidence of regulatory investigations is **GRANTED**.  Cypress may not introduce generalized evidence that the Sport-BLX Parties or affiliated entities were investigated or were subject to regulatory claims.  The ruling may be revisited based on a proffer outside the presence of the jury showing a proper purpose;

(vi) evidence of harm to Michael Salerno is **GRANTED** in part and **DENIED** in part.  Cypress may not seek damages based on harm to Salerno personally or to any entity other than Cypress.  Limited evidence providing context about Salerno's role may be offered to the extent necessary.

(vii) evidence of insurance is **GRANTED**.  Evidence that the Sport-BLX Parties are insured against liability is excluded.  Any request to introduce such evidence for a permitted purpose must be made by specific proffer outside the presence of the jury and will be evaluated under Rules 411 and 403; and

(viii) evidence of compromise negotiations is **DENIED**. On the current record, the

Sport-BLX Parties have not shown that the alleged pre-litigation buyout offers are

compromise negotiations about a disputed claim. They may renew an objection to

any other offers or negotiations that Cypress seeks to introduce. Cypress must

provide at least twenty-four hours' notice before offering any such evidence at trial.

It is further

**ORDERED** that all requests for limiting or clarifying instructions shall include proposed

language agreeable to all sides, or, should the parties be unable to reach agreement, the request

shall include alternative language proposed by the objecting party.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 259, 261,

263, 265, 267 and 269.

Dated: January 12, 2026
New York, New York

**Lorna G. Schofield**
**United States District Judge**