**Cypress Holdings v. Sport-BLX // Sport-BLX v. Cypress Holdings**
**22 Civ. 1243 // 22 Civ. 8111**

### VERDICT FORM (LIABILITY)

Please begin with Question 1 and follow the directions after each question to determine which question to answer next.  "Sport-BLX" refers to Sport-BLX, Inc.  "Cypress" refers to Cypress Holdings, III, L.P.

### A. SPORT-BLX'S CLAIMS

### CLAIM 1: FEDERAL SECURITIES FRAUD

1. Did Sport-BLX prove, by a preponderance of the evidence, that Cypress committed federal securities fraud?

    Yes _____  No **X**

*Answer Question 2 only if you answered "Yes" to Question 1.  Otherwise, skip to Question 3.*

2. Has Cypress proved that, before August 3, 2020, a reasonably diligent company in Sport-BLX's position could have learned enough information to identify (1) the statement(s) Sport-BLX claims were materially false or misleading, including how and why they are materially false or misleading; (2) who made the statement(s) on behalf of Cypress and when/where they were made and (3) facts that would support that the statement(s) were made knowingly or recklessly?

    Yes _____  No _____

3. Did Sport-BLX prove, by a preponderance of the evidence, that Michael Salerno committed federal securities fraud?

    Yes _____  No **X**

*Answer Question 4 only if you answered "Yes" to Question 3.*
*Otherwise, skip to Claim 2 (Question 5).*

4. Has Michael Salerno proved that, before August 3, 2020, a reasonably diligent company in Sport-BLX's position could have learned enough information to identify (1) the statement(s) that Sport-BLX claims were materially false or misleading, including how and why they are materially false or misleading; (2) that Mr. Salerno made the statement(s) and when/where they were made and (3) facts that would support that the statement(s) were made knowingly or recklessly?

Yes _____ No _____

*Proceed to Claim 2 (Question 5).*

## CLAIM 2: COMMON LAW FRAUD

5. Did Sport-BLX prove, by a preponderance of the evidence, that Michael Salerno committed common law fraud?

Yes _____ No **X**

*Answer Question 6 only if you answered "Yes" to Question 5.*
*Otherwise, skip to Claim 3 (Question 8).*

6. Did Sport-BLX know before August 3, 2019, that it had been defrauded?

Yes _____ No _____

*Answer Question 7 only if you answered "No" to Question 6.*
*Otherwise, skip to Claim 3 (Question 8).*

7. Has Sport-BLX proved that it is more likely than not that it was blamelessly ignorant of Mr. Salerno's alleged fraud and the resulting harm before August 3, 2019?

Yes _____ No _____

*Proceed to Claim 3 (Question 8).*

2

## CLAIM 3: BREACH OF FIDUCIARY DUTY

8. Did Sport-BLX prove, by a preponderance of the evidence, that Cypress breached a fiduciary duty to Sport-BLX?

    Yes $\underline{X}$   No $\underline{\phantom{X}}$

9. Did Sport-BLX prove, by a preponderance of the evidence, that Michael Salerno breached a fiduciary duty to Sport-BLX?

    Yes $\underline{X}$   No $\underline{\phantom{X}}$

*Proceed to Cypress's Claim (Question 10).*

3

**B. CYPRESS'S CLAIM**

## <u>BREACH OF THE IMPLIED COVENANT OF</u>
## <u>GOOD FAITH AND FAIR DEALING</u>

10. Did Cypress prove, by a preponderance of the evidence, that Sport-BLX, Inc. breached the implied covenant of good faith and fair dealing?

      Yes **X**    No ____

11. Did Cypress prove, by a preponderance of the evidence, that George Hall breached the implied covenant of good faith and fair dealing?

      Yes **X**    No ____

4

## SIGNATURE PAGE

1. _[signature]_

2. _[signature]_

3. _[signature]_

4. _[signature]_

5. _[signature]_

6. _[signature]_  Foreman

7. _[signature]_

8. _[signature]_

9. _[signature]_

10. _[signature]_

11. _[signature]_

Dated: 2/5/26  (3:51 pm)